[Cite as *State v. Harris*, 2011-Ohio-3225.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
| | : | John W. Wise, J. |
| Plaintiff-Appellant | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 10CA136 |
| | : | |
| | : | |
| FLEMMON HARRIS | : | O P I N I O N |
| | | |
| Defendant-Appellee | | |

CHARACTER OF PROCEEDING:         Criminal Appeal from Richland
                                 County Court of Common Pleas Case
                                 No. 10-CR-568H

JUDGMENT:                        Reversed and Remanded

DATE OF JUDGMENT ENTRY:          June 22, 2011

APPEARANCES:

For Plaintiff-Appellant                  For Defendant-Appellee

JAMES J. MAYER, JR.                      BERNARD R. DAVIS
Prosecuting Attorney                     3 North Main Street
Richland County, Ohio                    Mansfield, Ohio  44902

BY: ANDREW M. KVOCHICK
Assistant Richland County Prosecutor
38 South Park Street
Mansfield, Ohio  44902

*Edwards, J.*

{¶1}   Plaintiff-appellant, State of Ohio, appeals from the November 15, 2010, Sentencing Entry of the Richland County Court of Common Pleas.  Defendant-appellee is Flemmon Harris.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}   On August 26, 2010, appellee arrived at the residence of Sonja Adams with a hammer and threatened to kill her. During a verbal argument, appellee forearmed Adams in the face, knocking her to the ground and then kicked her. Adams had had a protection order against appellee since July 19, 2010 for past domestic violence incidents.

{¶3}   Thereafter, on October 10, 2010, the Richland County Grand Jury indicted appellee on one count of domestic violence in violation of R.C. 2919.25, a felony of the third degree, one count of violation of a protection order in violation of R.C. 2919.27(A)(1), a felony of the third degree, and one count of aggravated burglary in violation of R.C. 2922.11(A)(1) and (A)(2), a felony of the first degree. At his arraignment on October 19, 2010, appellee entered a plea of not guilty to the charges.

{¶4}   Subsequently, on November 15, 2010, appellee withdrew his former not guilty plea and entered a plea of guilty to an amended charge of domestic violence, a felony of the fourth degree, and to violation of a protection order. The remaining charge was dismissed. As memorialized in a Sentencing Entry filed on November 15, 2010, appellee was sentenced to an aggregate sentence of 18 months in prison. At the sentencing hearing, appellant indicated to the trial court that post release control was mandatory in this case because appellee had pleaded guilty to a felony three offense

involving violence. The trial court, however, did not impose post release control on appellee.

{¶5}   Appellant now raises the following assignment of error on appeal:

{¶6}   "THE TRIAL COURT REFUSED TO IMPOSE A MANDATORY TERM OF POST-RELEASE CONTROL AFTER ACKNOWLEDGING THAT THE CRIME CHARGED WAS AN OFFENSE OF VIOLENCE IN WHICH THE DEFENDANT CAUSED OR THREATENED TO CAUSE PHYSICAL HARM TO ANOTHER."

I

{¶7}   Appellant, in its sole assignment of error, argues that the trial court erred in refusing to impose a mandatory term of post release control on appellee. We agree.

{¶8}   In the case sub judice, appellant pleaded guilty to domestic violence, a felony of the fourth degree, and to violation of a protection order, a felony of the third degree. R.C. 2967.28(B) states, in relevant part, as follows: "(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, the failure of a sentencing court to notify the offender pursuant to division (B)(3)(c) of section 2929.19 of the Revised Code of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit,

or otherwise affect the mandatory period of supervision that is required for the offender under this division. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(3)(c) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code a statement regarding post-release control. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:…

{¶9} "(3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years." (Emphasis added).

{¶10} At the sentencing hearing, after being advised by appellant that post release control was mandatory in this case because a felony three offense of violence was involved, the trial court stated, in relevant part, as follows: "Contacting a – violating a CPO I don't think is – unless there's violence involved, and of course there was in this case, but I'm not going to order PRC." Transcript at 17.

{¶11} Based on the foregoing, we find that the trial court erred in failing to impose a mandatory three year term of post release control on appellee as required by R.C. 2867.28(B)(3).

{¶12} Appellant's sole assignment of error is, therefore, sustained.

{¶13} Accordingly, the judgment of the Richland County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings. We note that pursuant to *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, the appropriate remedy when post release control is not properly imposed is to hold a limited resentencing hearing to correct the error.

By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d0412

[Cite as *State v. Harris*, 2011-Ohio-3225.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
             Plaintiff-Appellant      :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
FLEMMON HARRIS                         :
                                       :
          Defendant-Appellee        :          CASE NO. 10CA136


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is reversed and remanded to the trial court for further proceedings.  Costs assessed to appellee – Flemmon Harris.

_____

_____

_____

JUDGES