[Cite as *State v. Isaacs*, 2011-Ohio-3194.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25301 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| JOHN M. ISAACS | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 03 08 2427 |

DECISION AND JOURNAL ENTRY

Dated: June 29, 2011

CARR, Presiding Judge.

{¶1} Appellant, John Isaacs, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On August 26, 2003, the Summit County Grand Jury indicted Isaacs on one count of attempted murder in violation of R.C. 2923.02 and 2903.02(A); one count of felonious assault in violation of R.C. 2903.11(A)(1)/(2), a felony of the second degree; and one count of carrying a concealed weapon in violation of R.C. 2923.12, a felony of the fourth degree. Both the attempted murder and felonious assault charges contained firearm specifications pursuant to R.C. 2941.145. While the original indictment indicated that attempted murder was a special felony, it was, in fact, a felony of the first degree. At the outset of the plea hearing on November 24, 2003, the State moved the Court to amend the indictment. The trial court subsequently granted the motion. Isaacs entered a plea of guilty to attempted murder with a firearm specification. The

charges of felonious assault with a firearm specification and carrying a concealed weapon were dismissed. The trial court sentenced Isaacs to a three-year term of incarceration on the firearm specification and a six-year term of incarceration for attempted murder. The trial court ordered the sentences to run consecutively to each other for a total of nine years. Isaacs was also ordered subject to post-release control to the extent provided by law. Isaacs did not appeal.

{¶3} On March 10, 2009, Isaacs filed a pro se motion to vacate his sentence. In his motion, Isaacs asserted that the plea colloquy did not comport with Crim.R. 11 and that he was not properly notified of post-release control. The State responded in opposition on March 19, 2009. On March 23, 2009, the trial court denied Isaac's motion on the basis that he had not filed any transcript demonstrating the alleged errors in his motion. The trial court also found that any defect during the plea colloquy could have been raised on direct appeal and was now barred by res judicata. The trial court further concluded that to the extent Isaacs challenged his sentence, the motion constituted an untimely petition for post-conviction relief and failed for non-compliance with R.C. 2953.23. Isaacs did not appeal from the denial of his motion.

{¶4} On December 28, 2009, Isaacs filed a pro se "MOTION TO CORRECT VOID SENTENCE." Subsequently, on December 29, 2009, the State filed a motion to resentence Isaacs due to the error in the imposition of post-release control. On February 3, 2010, the trial court issued a journal entry directing the Summit County Sheriff to return Isaacs for resentencing. Isaacs appeared for resentencing on February 18, 2010, and the trial court issued a sentencing entry on March 1, 2010. The trial court sentenced Isaacs to an identical prison term and notified him that he was subject to a mandatory five-year period of post-release control upon his release from prison.

{**¶5**}   On March 16, 2010, Isaacs filed a notice of appeal.  On appeal, Isaacs raises three assignments of error.

II.

**ASSIGNMENT OF ERROR I**

"THE COURT ERRED BY ACCEPTING A PLEA OF GUILTY AND SENTENCING MR. ISAACS WITH REGARD TO COUNT ONE OF HIS INDICTMENT BECAUSE COUNT ONE OF HIS INDICTMENT WAS VOID ON ITS FACE AND COULD NOT BE ORALLY AMENDED BY THE STATE."

**ASSIGNMENT OF ERROR II**

"MR. ISAACS' PLEA OF GUILTY WAS NOT VOLUTARILY MADE BECAUSE THE COURT INDICATED THAT IT WOULD SENTENCE MR. ISAACS SEVERLY IF HE EXERCISED HIS TRIAL RIGHTS AND WAS CONVICTED BY A JURY."

**ASSIGNMENT OF ERROR III**

"DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO DEFECT IN THE INDICTMENT."

{**¶6**}   In his first and second assignments of error, Isaacs raises challenges to the validity of his guilty plea.  In his third assignment of error, Isaacs argues that defense counsel was ineffective for failing to object to the defect in the indictment.  We do not reach the merits of Isaac's assignments of error as they are barred by the doctrine of res judicata.

{**¶7**}   The Supreme Court of Ohio has held that an error in post-release control notification does not result in a void sentence.  *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.  In *Fischer*, the Supreme Court held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside."  Id. at ¶26.  The Court reasoned that "[n]either the Constitution nor common sense commands anything more."  Id.  The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of postrelease control."  Id. at ¶29.  The Court also

held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. paragraph three of the syllabus.

{¶8}   With respect to the issues Isaacs raises that go to his underlying conviction, we note that Isaacs did not timely appeal from his 2003 judgment entry. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, at paragraph nine of the syllabus. The resentencing hearing to which Isaacs was entitled was limited to proper imposition of post-release control. *Fischer*, at paragraph two of the syllabus. While Isaacs raises several issues on appeal that go to his underlying conviction, the scope of his appeal from the resentencing hearing is limited to issues arising from the resentencing hearing. Id. at paragraph four of the syllabus. As Isaacs did not raise any challenges to his underlying conviction on direct appeal, he is now barred from raising such claims by the doctrine of res judicata.

{¶9}   Isaacs' assignments of error are overruled.

III.

{¶10}   Isaacs' assignments of errors are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

JILL R. FLAGG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.