[Cite as *State v. Roop*, 2011-Ohio-3670.]

STATE OF OHIO       )            IN THE COURT OF APPEALS

                      )ss:          NINTH JUDICIAL DISTRICT

COUNTY OF SUMMIT     )

STATE OF OHIO                             C.A. No.       25685

      Appellee

      v.                                  APPEAL FROM JUDGMENT

                                          ENTERED IN THE

ROBERT S. ROOP                        COURT OF COMMON PLEAS

                                          COUNTY OF SUMMIT, OHIO

      Appellant                   CASE No.      CR 2003 12 3743

DECISION AND JOURNAL ENTRY

Dated: July 27, 2011

CARR, Judge.

**{¶1}** Appellant, Robert Roop, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** Roop was initially charged by complaint in Cuyahoga Falls Municipal Court with several crimes stemming from an incident which occurred on November 20, 2003. The matter was subsequently bound over to the Summit County Grand Jury and, on December 19, 2003, Roop was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree, and one count of driving under suspension in violation of R.C. 4507.02, a misdemeanor of the first degree. The case proceeded to trial and Roop was found guilty by the jury of both charges in the indictment. Roop appeared for sentencing on March 4, 2004, and the trial court issued its sentencing entry on March 15, 2004. The trial court sentenced Roop to 18 months of community control. The trial court indicated in its sentencing

entry that any violation of the terms of community control could lead to the imposition of a six-month prison sentence, as well as "post release control of up to Three (3) years."

{¶3} On July 22, 2004, Roop pleaded guilty to violating the terms of his community control. Roop was then sentenced to a six-month prison term for possession of drugs and a six-month jail term for driving under suspension. The trial court ordered that the sentences run concurrently. The trial court further indicated that Roop was "subject to post-release control to the extent the parole board may determine as provided by law." Roop subsequently served his sentence.

{¶4} More than six years later, on September 8, 2010, Roop filed a motion to vacate his conviction on the basis that he had not been notified of post-release control. The State promptly responded and Roop replied thereto. On October 20, 2010, the trial court issued a journal entry denying the motion. On October 27, 2010, Roop filed a motion for reconsideration. The State filed a memorandum in opposition on October 29, 2010, arguing that a motion for reconsideration at the trial court level is a nullity. The trial court denied the motion for reconsideration on November 11, 2010.

{¶5} On November 17, 2010, Roop filed a notice of appeal from the October 20, 2010 judgment entry. On appeal, Roop raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

"THE TRIAL COURT ERRED IN DENYING MR. ROOP'S MOTION TO VACATE THE VOID JULY 29, 2004 AND MARCH 15, 2004 JUDGMENTS OF CONVICTION BECAUSE THE JUDGMENTS FAILED TO IMPOSE POSTRELEASE CONTROL SANCTIONS AS REQUIRED UNDER [R.C.] 2967.28(B) AND [R.C.] 2929.19, AND IN SO DOING, THE COURT ABUSED ITS DISCRETION AND ACTED CONTRARY TO LAW AND DID VIOLATE MR. ROOP'S DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS."

{¶6} In his sole assignment of error, Roop argues that the trial court erred in denying his motion to vacate his conviction. Pursuant to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the trial court properly denied the motion. Accordingly, this Court affirms.

{¶7} In support of his position, Roop argues that his sentence is void because the trial court improperly notified him of post-release control. Roop asserts that because his sentence was void, the trial court erred in denying his motion to vacate his conviction. The trial court in this case did, in fact, find Roop's sentence to be void. In denying the motion, however, the trial court cited a concurring opinion in this Court's decision in *State v. Yeager*, 9th Dist. 25125, 2010-Ohio-3848, for the proposition that it is improper to vacate a void prison sentence when the offender has already served the entirety of his prison term. On appeal, Roop argues that because his sentence was void, it had no legal effect and the trial court was required to vacate it.

{¶8} The Supreme Court of Ohio has held that an error in post-release control notification does not result in a void sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." Id. at ¶26. The Court reasoned that "[n]either the Constitution nor common sense commands anything more." Id. The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of postrelease control." Id. at ¶29. The Court also held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. paragraph three of the syllabus.

{¶9} In this case, the trial court sentenced Roop to community control on March 15, 2004. When Roop pleaded guilty to a violation of his community control, the trial court re-

imposed his suspended prison sentence and notified him that he would be "subject to post-release control to the extent the parole board may determine as provided by law." Roop subsequently served his prison sentence. Under the Supreme Court's holding in *Fischer*, the failure of a trial court judge to properly impose statutorily mandated post-release control results in "that *part* of the sentence" being void. Id at ¶26. The Supreme Court clarified that when a sentence is void in part, "only the portion that is void may be vacated or otherwise amended." Id. at ¶28. In this case, the trial court's failure to impose post-release control only made that part of Roop's sentence void. The remainder of Roop's sentence, and conviction, remained valid. Thus, the trial court did not err when it denied Roop's motion to declare his conviction void.

{¶10} Roop's sole assignment of error is overruled.

### III.

{¶11} Roop's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.