[Cite as *State v. Chancellor*, 2011-Ohio-4162.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                     :

    Plaintiff-Appellee                       :         C.A. CASE NO.    24358

v.                                                :         T.C. NO.    00CR227

JERRY CHANCELLOR                                  :         (Criminal appeal from
                                      Common Pleas Court)

    Defendant-Appellant                      :

                                                  :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    19th    day of    August   , 2011.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No.  0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

LYNNE M. FLEMING, Atty. Reg. No. 0078520, 15 West Fourth Street, Suite 100, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

JERRY CHANCELLOR, #391545, Warren Correctional Institute, P. O. Box 120, Lebanon, Ohio 45036
        Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  On March 2, 2000, the defendant, represented by counsel, entered pleas of

guilty to two counts of aggravated robbery (one with a three-year firearm specification). The judgment entry sentenced the defendant to eight years in prison on each of the two counts, to be served concurrently with each other, and an additional three years of actual incarceration on the firearm specification to be served consecutively to and prior to the definite term of imprisonment. Further, the entry provided that "following the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board." There was no appeal of this conviction and sentence.

{¶ 2} On October 6, 2010, the court, sua sponte, ordered that the appellant be brought before the court for resentencing. On October 21, the court resentenced the defendant, who was still in prison, to the same sentence of incarceration. However, in court and in the termination entry, the court notified the defendant that, as part of the sentence, he "will be supervised by the parole board for a period of five years post release control after [his] . . . release of imprisonment." The defendant filed a timely notice of appeal.

{¶ 3} Counsel for Chancellor has filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d 493, stating that after a conscientious examination of the record, the appeal is frivolous. Counsel has, however, filed a thorough brief referring to an issue in the record that she believes might arguably support the appeal.

{¶ 4} Chancellor was advised of his counsel's brief and that he could file a pro se brief assigning any errors for review by this court and that, absent such a filing, the appeal will be deemed submitted on the merits. No pro se brief has been received. We have conducted an independent review of the record. *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.

**{¶ 5}** Chancellor's appellate counsel has identified one possible *Anders* argument for appeal:

**{¶ 6}** "The trial court may have erred in failing to resentence Mr. Chancellor de novo."

**{¶ 7}** The defendant was sentenced for two first degree felonies. Therefore, there was a statutory requirement that his sentence include a mandatory period of five years post-release control. The original judgment entry, inasmuch as it did not give a term of the post-release control and did not indicate it would be mandatory, was defective.

**{¶ 8}** "[W]hen a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that part of the sentence that is void must be set aside. Neither the Constitution nor common sense commands anything more." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶26. (emphasis in original) Therefore, since the 2000 judgment failed to impose statutorily mandated post-release control, that part of the sentence was void. The 2010 judgment corrected that void part of the sentence and imposed the statutorily mandated five years of post-release control.

**{¶ 9}** Appellant contends that since he was resentenced in October and *Fischer* did not come out until December, that it does not control his situation. We do not agree for two reasons.

**{¶ 10}** First, even if he were entitled to a de novo sentencing (which he was not), it appears that this occurred. There was a discussion on the record among the judge, counsel, and the defendant, and both the appellant and his counsel were asked if they had anything to say. In response to the question, "Do you have any questions or concerns about what it is

we're going to do with regard to the resentencing or its impact on you, sir?", the defendant responded in the negative.

{¶ 11} Second, pursuant to *Fischer*, the only part of his sentence that was void was post-release control. And since Appellant was still in prison on the original sentence, there is no problem with R.C. 2929.191. Therefore, the only resentencing was for post-release control. See, e.g., *State v. Jenkins*, Montgomery App. No. 24117, 2011-Ohio-634, ¶7.

{¶ 12} The fact that Appellant was resentenced prior to the *Fischer's* decision is irrelevant. *Fischer* explained the effect of a previously imposed defective post-release control sanction and how a court can correct the error. By definition, *Fischer* dealt with sentences that were imposed prior to its pronouncement date.

{¶ 13} Having conducted an independent review of the record, in addition to the brief filed by appellant's counsel, we find this appeal to be wholly frivolous. There are no meritorious issues for appeal. Therefore, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and DONOVAN, J., concur.

Copies mailed to:

Carley J. Ingram
Lynne M. Fleming
Jerry Chancellor
Hon. Mary L. Wiseman