*93 O’Connor, J.
{¶ 1} In this appeal, we again address questions arising from a sentencing court’s failure to impose postrelease control as mandated by the General Assembly. A sentence that does not include the statutorily mandated term of postre-lease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.
Relevant Background
{¶ 2} In 2002, a judge sentenced appellant, Londen K. Fischer, to an aggregate term of 14 years’ imprisonment for aggravated robbery, felonious assault, having a weapon while under disability, and two counts of aggravated burglary, all with firearms specifications. A timely direct appeal followed, and his convictions were affirmed by the court of appeals. State v. Fischer, Summit App. No. 20988, 2003-Ohio-95, 2003 WL 118470 (rejecting sufficiency-of-the-evidence claims and Batson challenges).
{¶ 3} Several years later, Fischer successfully moved pro se for resentencing after this court issued its decision in State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961 (holding that a sentence that omits a statutorily mandated postrelease term is void) because he had not been properly advised of his postrelease-control obligations. Thereafter, the trial court properly notified *94 Fischer of those obligations and reimposed the remainder of the sentence. Fischer appealed.
{¶ 4} On appeal, he asserted that because his original sentence was void, his first direct appeal was “not valid” and that this appeal is in fact “his first direct appeal” in which he may raise any and all issues relating to his conviction. State v. Fischer, 181 Ohio App.3d 758, 2009-Ohio-1491, 910 N.E.2d 1083, ¶ 4 and 5. The court of appeals rejected his claim, holding that the appeal was precluded by the law-of-the-case doctrine. Id. at ¶ 7-8.
{¶ 5} We granted discretionary review of a single proposition arising from the appeal: whether a direct appeal from a resentencing ordered pursuant to State v. Bezak is a first appeal as of right. State v. Fischer, 123 Ohio St.3d 1410, 2009-Ohio-5031, 914 N.E.2d 206. We hold that it is not.
Analysis
I
{¶ 6} We begin with simple premises. “In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court’s judgment is invalid, irregular, or erroneous.” State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 12. But those statements of law have sparked a recurrent and increasingly divisive debate in our case law on sentences that fail to properly impose postrelease control in accordance with the terms mandated by the General Assembly.
{¶ 7} The crux of our debate arises from the fact that in the normal course, sentencing errors are not jurisdictional and do not render a judgment void. State ex rel. Massie v. Rogers (1997), 77 Ohio St.3d 449, 449-450, 674 N.E.2d 1383; Majoros v. Collins (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038. Rather, void sentences are typically those in which a court lacked subject-matter jurisdiction over the defendant. Payne.
{¶ 8} But in the modern era, Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void. See, e.g., Simpkins, at ¶ 14; State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961; State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; State v. Beasley (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774; Colegrove v. Burns (1964), 175 Ohio St. 437, 25 O.O.2d 447, 195 N.E.2d 811. See also Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103.
*95 {¶ 9} Although our case law on void judgments was rooted in cases in which courts lacked subject-matter jurisdiction, it evolved beyond those roots over the years. By the time we decided Beasley, it had developed into the principle that “[a]ny attempt by a court to disregard statutory requirements * * * renders the attempted sentence a nullity or void.” Id., 14 Ohio St.3d at 75, 14 OBR 511, 471 N.E.2d 774. And although Beasley may be recognized more for the principle that jeopardy does not attach to a void sentence, and thus the correction of a void sentence would not constitute double jeopardy, id., its underlying principles governing void sentences formed the basis for our holding in Jordan, a postre-lease-control case.
{¶ 10} In Jordan, we recognized that “[t]he court’s duty to include a notice to the offender about postrelease control at the sentencing hearing is the same as any other statutorily mandated term of a sentence. And based on the reasoning in Beasley, a trial court’s failure to notify an offender at the sentencing hearing about postrelease control is error.” Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 26. We held that “[b]ecause a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law. As a general rule, if an appellate court determines that a sentence is clearly and convincingly contrary to law, it may remand for resentencing. See R.C. 2953.08(G)(2). Furthermore, where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is, likewise, to resentence the defendant. State v. Beasley (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774.” (Footnote omitted.) Jordan at ¶ 23. We then vacated the entire sentence and remanded for resentencing. Id. at ¶ 28.
{¶ 11} Three years after Jordan, we issued our decision in Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Bezak is significant in that it was the most divisive decision by the court in the contexts of void and voidable judgments and nonconforming postrelease-control sentences.
{¶ 12} There, a majority held that when a court of appeals remands a case for resentencing because of the trial court’s failure to inform the offender at the sentencing hearing that he may be subject to postrelease control, the court must conduct a new sentencing hearing in its entirety rather than a hearing limited to reimposing the original sentence with proper notice of postrelease control. Id. at ¶ 6. In so holding, the majority in Bezak indicated that it found Jordan dispositive. Id. at ¶ 12. But the majority also relied heavily on Romito v. Maxwell (1967), 10 Ohio St.2d 266, 267-268, 39 O.O.2d 414, 227 N.E.2d 223, for the proposition that the effect of a void judgment is that the judgment is a nullity, and the parties are in the same position as if there had been no judgment. Bezak at ¶ 12-13.
*96 {¶ 13} Romito, a habeas case from 1967, was in many ways inapposite to Bezak. Romito was a habeas petitioner and recidivist offender who had been convicted of armed robbery and repeated instances of burglary between 1941 and 1957. All of those offenses led to imprisonment, as well as an indictment as a habitual criminal, to which he pleaded guilty and was sentenced to 15 years, “that being the statutory maximum for his last prior conviction for burglary.” Romito at 266. The habitual-criminal enhancement was declared void, however, and he then sought habeas relief and release from confinement on the underlying burglary sentence, which he asserted had also been voided. Id. Although Romito remained in custody lawfully under a prior valid sentence for other offenses, the court agreed that “[t]he vacation of the prior burglary sentence in the instant case was an integral part of the habitual criminal proceedings, and when such habitual criminal proceedings were declared void the vacation of the burglary sentence was also voided.” Id., 10 Ohio St.2d at 267-268, 39 O.O.2d 414, 227 N.E.2d 223.
{¶ 14} The court in Romito supported that conclusion by relying on Tari v. State (1927), 117 Ohio St. 481, 159 N.E. 594, and Hill v. Hill (1945), 299 Ky. 351, 185 S.W.2d 245. Though different from each other, both Tari and Hill presented quintessential jurisdictional questions. Thus, Romito represents the historic, narrow view of void judgments, which is limited to the class of cases in which jurisdiction, rather than statutory sentencing mandates, is implicated. See State v. Holcomb, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶ 4-7 (noting early Ohio Supreme Court cases treating sentences that did not conform to mandatory prison terms as voidable rather than void).
{¶ 15} Based on the language from Romito, the majority in Bezak rejected the appellate court’s ruling that the sentence in Bezak should be remanded to the trial court so that the defendant “ ‘may be advised that he is subject to post-release control.’ ” Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 13, quoting State v. Bezak, Cuyahoga App. No. 84008, 2004-Ohio-6623, 2004 WL 2830799, ¶ 41. In doing so, it quoted and applied the language from Romito and held that the effect of vacating the sentence was to position the parties in the same place as if there had been no sentence. Id. at ¶ 12.
{¶ 16} That conclusion required the majority to distinguish the decision in State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, which holds that a sentencing hearing on remand is limited to the issue found to be in error on the appeal. Id. at paragraph three of the syllabus. To do so, the majority narrowly read Saxon to apply only to multiple-offense cases and not to defendants such as Bezak, who had been convicted of only one offense. Yet the majority still applied Romito, a far more complicated case than Saxon, and one that arose from multiple convictions for multiple offenses. Id. at ¶ 13. Notwith *97 standing that analytical inconsistency, the majority in Bezak then summarily concluded, “Therefore, Bezak’s entire sentence was vacated upon the court of appeals’ decision to sustain his one assignment of error.” Id. It dispensed with any applicability of Saxon to the issue presented in Bezak. Nor did it consider cases or doctrines that reflected the rationales at issue in Saxon.
{¶ 17} As the first dissenting opinion in Bezak observed, “[j]ust as Saxon held that a complete resentencing is not required when a defendant on appeal prevails on a challenge only as to one offense in a multiple-offense case, a complete de novo resentencing is not required when a defendant prevails only as to the postrelease-control aspect of a particular sentence. In this situation, the postrelease-control component of the sentence is fully capable of being separated from the rest of the sentence as an independent component, and the limited resentencing must cover only the postrelease control. It is only the postrelease-control aspect of the sentence that is void and that must be rectified. The remainder of the sentence, which the defendant did not successfully challenge, remains valid under the principles of res judicata. See Saxon [109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824], at ¶ 17-19.” Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 21-22 (O’Connor, J., dissenting, joined by Lundberg Stratton, J.). See also id. at ¶ 31 (Lanzinger, J., dissenting) (“I believe this holding [in Bezak\ undermines the principles of res judicata that we discussed in [Saxon]”).
{¶ 18} Although neither the majority nor the dissents in Bezak discussed it at the time, the scope of the remand in Bezak was a critical aspect of void judgments. And so it is at this juncture that we revisit that law before proceeding further.
II
{¶ 19} As described at the outset of our analysis, our debate over whether the failure of a sentencing judge to comply with a statutory mandate renders the ensuing judgment void arises from our disagreement over the narrow, historic view that limits void judgments to cases in which the court acts without jurisdiction. See generally Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 42-43 (Lanzinger, J., dissenting).
{¶ 20} But in the modern era, in which we have a more sophisticated understanding of individual rights, we have not so severely limited the notion of void judgments to only those judgments that arise from jurisdictional cases. See, e.g., State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 103-104. The historic, narrow view does not adequately address the constitutional infirmities of a sentence imposed without statutory authority.
*98 {¶ 21} The majority’s decision to include sentences that disregard legislatively imposed mandates within a narrow class of void judgments reflects a fundamental understanding of constitutional democracy: judges are not imperial. We recognize that our authority to sentence in criminal cases is limited by the people through the Ohio Constitution and by our legislators through the Revised Code.
{¶ 22} Judges have no inherent power to create sentences. Griffin & Katz, Ohio Felony Sentencing Law (2008) 4, Section 1:3, fn. 1. See also Woods v. Telb, 89 Ohio St.3d at 507-509, 733 N.E.2d 1103 (describing the legislative intent behind a new, comprehensive sentencing structure, including postrelease control). Rather, judges are duty-bound to apply sentencing laws as they are written. See State v. Thomas (1996), 111 Ohio App.3d 510, 512, 676 N.E.2d 903. “[T]he only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law.” Colegrove, 175 Ohio St. at 438, 25 O.O.2d 447, 195 N.E.2d 811. The failure to impose a statutorily mandated period of postrelease control is more than administrative or clerical error. It is an act that lacks both statutory and constitutional authority.
{¶ 23} No court has the authority to impose a sentence that is contrary to law. Colegrove, 175 Ohio St. at 438, 25 O.O.2d 447, 195 N.E.2d 811. We reaffirm that vital principle today and reiterate that a judge must conform to the General Assembly’s mandate in imposing postrelease-control sanctions as part of a criminal sentence. Although the interests in finality of a sentence are important, they cannot trump the interests of justice, which require a judge to follow the letter of the law in sentencing a defendant.
{¶ 24} Other states’ courts hold similarly, using the voidness doctrine as well as a related theory, the illegal-sentence doctrine.[1] See, e.g., Summers v. State (Tenn.2007), 212 S.W.3d 251, 256 (describing a sentence imposed in direct contravention of a statute as illegal and subject to correction at any time); State v. Gayden (2006), 281 Kan. 290, 292-293, 130 P.3d 108 (“A sentence for which no statutory authority exists does not conform to statutory provisions and is, therefore, within the definition of an illegal sentence”); Sullivan v. State (2006), 366 Ark. 183, 234 S.W.3d 285 (“Where the law does not authorize the particular sentence pronounced by a trial court, the sentence is unauthorized and illegal”); Mizell v. State (Tex.Crim.App.2003), 119 S.W.3d 804, 806 (“A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal”); United States v. Greatwalker (C.A.8, 2002), 285 F.3d 727, 729 (“A sentence is illegal when it is not authorized by the judgment of conviction *99 or when it is greater or less than the permissible statutory penalty for the crime”).
{¶ 25} “A motion to correct an illegal sentence ‘presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.’ ” Edwards v. State (1996), 112 Nev. 704, 708, 918 P.2d 321, quoting Allen v. United States (D.C.1985), 495 A.2d 1145, 1149. It is, however, an appropriate vehicle for raising the claim that a sentence is facially illegal at any time. Id. The scope of relief based on a rule, like Fed.R.Crim.P. 35, is likewise constrained to the narrow function of correcting only the illegal sentence. It does not permit reexamination of all perceived errors at trial or in other proceedings prior to sentencing. See, e.g., Hill v. United States (1962), 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417.
{¶ 26} We similarly hold that when a judge fails to impose statutorily mandated postrelease control as part of a defendant’s sentence, that part of the sentence is void and must be set aside.[2] Neither the Constitution nor common sense commands anything more.
{¶ 27} This principle is an important part of the analysis of void sentences that we have not focused upon in prior cases involving postrelease control, including Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Thus, we reaffirm the portion of the syllabus in Bezak that states “[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void,” but with the added proviso that only the offending portion of the sentence is subject to review and correction.
{¶ 28} However, we now modify the second sentence in the Bezak syllabus as ill-considered. That sentence states that the offender is entitled to a new sentencing hearing for the offense for which postrelease control was not imposed properly. 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. It does not recognize a principle that we overlooked in Bezak: when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.
{¶ 29} Therefore, we hold that the new sentencing hearing to which an offender is entitled under Bezak is limited to proper imposition of postrelease control. In so holding, we come more into line with legislative provisions concerning appellate review of criminal sentences. R.C. 2953.08(G)(2)(b) permits *100 an appellate court, upon finding that a sentence is clearly and convincingly contrary to law, to remand for resentencing. But a remand is just one arrow in the quiver. R.C. 2953.08(G)(2) also provides that an appellate court may “increase, reduce or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing.” (Emphasis added.) Correcting a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion. See, e.g., State v. Winters (July 22, 1982), Cuyahoga App. No. 42799, 1982 WL 2499, *3; State v. Coughlin, Ashtabula App. No. 2006-A-0026, 2007-Ohio-897, 2007 WL 635286; State v. Gimbrone, Montgomery App. No. 23062, 2009-Ohio-6264, 2009 WL 4268576; People v. Kelly (1965), 66 Ill.App.2d 204, 211, 214 N.E.2d 290; State v. Sheppard (A.D.1973), 125 N.J.Super. 332, 336, 310 A.2d 731; Harness v. State (2003), 352 Ark. 335, 339, 101 S.W.3d 235.
{¶ 30} Correcting the defect without remanding for resentencing can provide an equitable, economical, and efficient remedy for a void sentence. Here, we adopt that remedy in one narrow area: in cases in which a trial judge does not impose postrelease control in accordance with statutorily mandated terms. In such a case, the sentence is void. Principles of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.
{¶ 31} Our decision today is limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control. In cases involving postrelease control, we will continue to adhere to our narrow, discrete line of cases addressing the unique problems that have arisen in the application of that law and the underlying statute. In light of the General Assembly’s enactment of R.C. 2929.191, it is likely that our work in this regard is drawing to a close, at least for purposes of void sentences. Even if that is not the case, however, we would be ill-served by the approach advocated by the dissent, which is premised on an unpalatable and unpersuasive foundation.
Ill
{¶ 32} With the law and scope of the question before us today now clarified, we turn to the specific question posed in this appeal, as reframed in our new language: is a direct appeal from a resentencing on a remand from an appeal finding that a sentence was void the “first” direct appeal as of right because the first appeal was a “nullity”? Like the court of appeals, we answer that question in the negative.
*101 {¶ 33} The court of appeals correctly ruled that Fischer, having already had the benefit of one direct appeal, could not raise any and all claims of error in a second, successive appeal. 181 Ohio App.3d 758, 2009-Ohio-1491, 910 N.E.2d 1083. The court of appeals based its decision on the law-of-the-case doctrine, which provides that “the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.” Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410.
{¶ 34} Other state supreme courts have used the law-of-the-case doctrine in cases of illegal sentences. See, e.g., Brittingham v. State (Del.1998), 705 A.2d 577, 579. The doctrine retains its vitality in Ohio. In discussing the doctrine, we have held that it “precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal” and noted that “[n]ew arguments are subject to issue preclusion, and are barred.” Hubbard ex rel. Creed v. Sauline (1996), 74 Ohio St.3d 402, 404-405, 659 N.E.2d 781.
{¶ 35} The law-of-the-case doctrine is rooted in principles of res judicata and issue preclusion, and we have expressly disfavored applying res judicata to sentences that do not conform to statutory postrelease-control mandates. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30. We also reject the application of issue preclusion to sentences that do not comply with statutory mandates, as those sentences are illegal and subject to collateral attack or direct appeal by any party.
{¶ 36} But other than Bezak, the ease law has thus far focused only on whether a defendant is barred from raising claims about a void sentence rather than on the remedy therefor. We do not disturb that precedent. Instead, our decision today revisits only one component of the holding in Bezak, and we overrule only that portion of the syllabus that requires a complete resentencing hearing rather than a hearing restricted to the void portion of the sentence. In light of our holding, the court of appeals in this case correctly held that Fischer’s remaining claims, which did not involve a void sentence or judgment, were barred by res judicata.
{¶ 37} In so holding, we reject Fischer’s claim that there was no final, appealable order in this case.
{¶ 38} Fischer’s theory is that because the trial court did not properly apply postrelease-control sanctions, his sentence was void under Bezak. Because his sentence was void, he contends, there was no sentence, and without a sentence, no conviction and no final order. See State v. Whitfield, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182 (“a ‘conviction’ consists of a guilty verdict and the imposition of a sentence or penalty” [emphasis sic]); State v. Baker, 119 Ohio *102 St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus (to be a final, appealable order, a judgment of conviction must include the sentence). In Fischer’s view, the absence of a conviction means the absence of a final, appealable order, and the absence of such an order deprived the court of appeals of its jurisdiction over the initial appeal, thereby rendering that appeal invalid. The argument, though creative, fails.
{¶ 39} Nothing in Baker discusses void or voidable sentences. Rather, the syllabus speaks only to the requirement that the judgment of conviction set forth “the sentence” in addition to the other necessary aspects of the judgment. The judgment in this case did set forth the sentence. The fact that the sentence was illegal does not deprive the appellate court of jurisdiction to consider and correct the error. In fact, R.C. 2953.08(G)(2)(b) expressly authorizes a reviewing court to modify or vacate any sentence that is “contrary to law.” Clearly, no such authority could exist if an unlawful sentence rendered a judgment nonfinal and unappealable. Thus, Baker does not avail Fischer.
IV
{¶ 40} Our intention today is to provide a clear, simple, and more workable solution to a vexing issue without compromising the interests of fairness. In balancing those interests here, we have carefully considered the law in a combined effort to craft the most equitable solution. We therefore hold that void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack. We further hold that although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing.
Judgment affirmed.
Pfeifer, Lundberg Stratton, O’Donnell, and Cupp, JJ., concur.
Lanzinger, J., dissents.
Brown, C.J., not participating.

. The term “illegal” generally means “forbidden by law.” Black’s Law Dictionary (9th Ed.2009) 815. It accurately summarizes a judge’s action in failing to do what the General Assembly has commanded with respect to postrelease control.

. The current version of Fed.R.Crim.P. 35(a) permits correction of a sentence only for “clear error” ■within 14 days of sentencing. But the original version of the rule permitted correction of an illegal sentence “at any time,” and the prior version of the rule continued the law as it existed when the rule was adopted in 1944. See Advisory Committee Notes to Fed.R.Crim.P. 35(a).