[Cite as *State v. Kuralt*, 2011-Ohio-2065.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 23956 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2002-CR-1112 |
| v. | : | |
| | : | |
| DANIEL W. KURALT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 29th day of April, 2011.

· · · · · · · · · · ·

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

THOMAS R. SCHIFF, Atty. Reg. #0039881, Hochwalt & Schiff, LLC, 500 Lincoln Park Boulevard, Suite 216, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

· · · · · · · · · · · ·

PER CURIAM:

{¶ 1}  Daniel Kuralt appeals from the judgment of the Montgomery County Common Pleas Court wherein the court sentenced Kuralt to serve a period of three years post-release control.

{¶ 2}  Kuralt was convicted on April 21, 2004 of possession of marijuana and trafficking in marijuana, both second degree felonies.  In sentencing Kuralt, the trial court incorrectly advised Kuralt that he "may/will serve a period of post-release control under the supervision of the parole board."  On February 23, 2010, before Kuralt completed his sentence, Kuralt appeared before the trial court and was advised that he would be required to serve a period of three years post-release control after his release from prison.

{¶ 3}  Kuralt argues in a single assignment of error that the trial court erred in not holding a full de novo sentencing hearing.  After Kuralt filed his appellate brief, the Ohio Supreme Court issued its opinion in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.  In *Fischer*, the Supreme Court held that, in cases where a prior sentence omits a statutorily-mandated term of post-release control, the sentence is only partially void and, therefore, it is unnecessary to re-sentence the defendant de novo to correct the error.  Id. at ¶ 17.  Likewise, this Court has held that, "[a]s we understand *State v. Fischer*, the trial court need only, and may only (because of the doctrine of res judicata), correct the erroneous or omitted provision for post-release control" and that a de novo sentencing hearing is not necessary (and may in fact be impermissible).  *State v. Jenkins*, Montgomery App. No. 24117, 2011-Ohio-634, at ¶ 7-8.  See also *State v. Wells*, Cuyahoga App. No. 94956, 2011-Ohio-723, at ¶ 8-9 (finding pursuant to *State v. Fischer* that "when postrelease control is not properly imposed the defendant is only entitled to a hearing for the proper imposition of postrelease control," and that the defendant is "not entitled to a de novo sentencing hearing.").

{¶ 4}  The appellant's assignment of error is Overruled.  The judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FAIN, HALL and BROGAN, JJ., concur.

(Hon. James A. Brogan, retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck
Andrew French
Thomas Schiff
Hon. Frances E. McGee