[Cite as *State v. Fowler*, 2011-Ohio-3356.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ANTHONY G. FOWLER, II

    Appellant

C.A. No.    25467


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2001 05 1306C

DECISION AND JOURNAL ENTRY

Dated: July 6, 2011

---

CARR, Judge.

{¶1}    Appellant, Anthony Fowler, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    In 2001, Fowler pleaded guilty to one count of attempted aggravated burglary. The trial court sentenced him to two years in prison. The sentencing entry does not properly impose postrelease control. The following year, the trial court granted judicial release and placed Fowler on community control for a period of 18 months. In 2003, the trial court terminated his community control.

{¶3}    In 2010, Fowler moved to declare his *conviction* void. The State responded that his *sentence* was void and, because he had served his entire sentence, the trial court could not resentence him. The trial court, in a lengthy journal entry, recounted the Ohio Supreme Court's cases addressing improper imposition of postrelease control. The trial court denied the motion to

declare the conviction void, concluding that, at most, it could have found his sentence to be void, and resentenced Fowler, if he were still serving his sentence.

{¶4} Fowler has appealed, raising one assignment of error.

II.

## ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DECLARE HIS CONVICTION VOID."

{¶5} Fowler has argued that the trial court erred when it denied his motion to declare his conviction void. Pursuant to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the trial court properly denied the motion. Accordingly, this Court affirms.

{¶6} After the parties filed their briefs on appeal in this Court, the Ohio Supreme Court decided *Fischer*. It held "that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." Id. at ¶26 (footnote omitted). The Supreme Court clarified that when a sentence is void in part, "only the portion that is void may be vacated or otherwise amended." Id. at ¶28. In this case, the trial court's failure to impose postrelease control made that part of the sentence void. The remainder of Fowler's sentence, and conviction, remained valid. Thus, the trial court did not err when it denied Fowler's motion to declare his conviction void.

III.

{¶7} Fowler's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
CONCURS

BELFANCE, P.J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

KIRK A. MIGDAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.