[Cite as *State v. Manning*, 2011-Ohio-4804.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-100488<br>TRIAL NO. B-0908349 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| STEPHEN MANNING[1], | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part and Cause Remanded

Date of Judgment Entry on Appeal: September 23, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *James Michael Keeling*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bruce K. Hust*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

---

[1] Manning's name appears as Steven in the trial court documents, but as Stephen in the notice of appeal.

Per Curiam.

{¶1}    Following a bench trial, defendant-appellant Stephen Manning appeals from the judgment of the trial court finding him guilty of felonious assault.  Manning had fired a .22-caliber revolver in a crowded bar, striking bar patron Tara Diaz.  Because the conviction was supported by substantial, credible evidence that Manning had knowingly caused physical harm to Diaz, we affirm that part of the court's judgment.  But because the trial court failed to inform Manning at his sentencing hearing that he would be subject to post-release control following the completion of his prison term, we remand this case to the trial court.

{¶2}    In the late hours of December 5, 2009, Manning was drinking in Andy's Café on Vine Street in Cincinnati.  Despite a prior conviction for drug trafficking, Manning was carrying a loaded, single-action revolver.  Manning told police that he had cocked the revolver and placed it in his jacket pocket.  During the evening, Manning loudly argued with his girlfriend.  The bartender asked Manning to leave.  As he walked toward the door of the crowded bar, Manning swung his arms about wildly and yelled.  Manning maintains that the revolver never left his jacket pocket and that it had discharged accidentally when he bumped into a patron.  But another patron, Natasha Lunsford, had seen Manning brandish the revolver and fire it.  The bullet struck Diaz in the neck, collapsing her right lung and paralyzing her vocal chords.

{¶3}    Manning entered pleas of guilty to charges of carrying a concealed weapon, carrying a weapon under a disability, and illegally possessing a firearm on liquor-permit premises.  The remaining two charges of felonious assault with firearm specifications were tried to the court.  The trial court heard the testimony of the investigating police officers and several witnesses in the bar.  The court found Manning guilty of both offenses, but imposed a single conviction in accordance with the multiple-count statute.  At the conclusion of a sentencing hearing, the trial court imposed an aggregate seven-year prison term.

{¶4}     In his first assignment of error, Manning challenges the sufficiency of the evidence adduced to support his conviction for felonious assault.   To have committed the offense of felonious assault, as charged in this case under R.C. 2903.11(A)(2), Manning must have knowingly caused physical harm to Diaz by means of a firearm.  See R.C. 2901.22(B) and 2923.11; see, also, *State v. Roberts* (2000), 139 Ohio App.3d 757, 767, 745 N.E.2d 1057.

{¶5}     The test for the sufficiency of the evidence required to sustain a conviction was enunciated by the United States Supreme Court in *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781.  The relevant question is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  See id.; see, also, *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶36.

{¶6}     Manning argues that while he may have acted negligently in carrying a loaded, cocked firearm into a crowded bar and in accidentally discharging the weapon, he did not act with the requisite mental state of knowingly.   "The determination of a defendant's mental state, absent some comment on his or her part, must of necessity be determined by the nature of the act, when viewed in conjunction with the surrounding facts and circumstances."  *State v. Lott* (1990), 51 Ohio St.3d 160, 168, 555 N.E.2d 293.

{¶7}     Here, the state adduced ample evidence to support the conviction, including the testimony of Detective Brickler that Manning's revolver could only be fired if the hammer were first cocked and then the trigger pulled.  Manning admitted to police that he had carried the loaded revolver into the crowded bar and then had cocked it.  Lunsford testified that as Manning was angrily swinging his arms in the air, he took the revolver out of his pocket and fired, striking Diaz.

{¶8} The record thus reflects substantial, credible evidence from which the trial court, sitting as the trier of fact, could have reasonably concluded that the state had proved each element of felonious assault beyond a reasonable doubt, including that Manning had knowingly discharged his revolver resulting in physical harm to Diaz. See *State v. Caton* (2000), 137 Ohio App.3d 742, 750, 739 N.E.2d 1176. The first assignment of error is overruled.

{¶9} In his second assignment of error, Manning notes that the trial court failed to inform him of his post-release-control obligations at the sentencing hearing. The state does not dispute the matter.

{¶10} R.C. 2929.19(B)(3)(c) requires "that the sentencing court notify the offender at the sentencing hearing that he will be supervised pursuant to R.C. 2967.28 and that the parole board may impose a prison term of up to one-half of the prison term originally imposed on the offender if he violates supervision or a condition of his post release control." See *State v. Williams*, 1st Dist. No. C-081148, 2010-Ohio-1879,¶20. When a sentencing court fails to advise an offender about post-release control at the sentencing hearing, the trial court violates its statutory duty and that part of an offender's sentence related to post-release control is void. See *State v. Brown*, 1st Dist. Nos. C-100390 and C-100310, 2011-Ohio-1029, ¶8-9, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶26.

{¶11} When, as here, the offender had been sentenced after July 11, 2006, the effective date of R.C. 2929.191, the trial court must employ the procedures set forth in R.C. 2929.191 to remedy a post-release-control defect. See *State v. Brown* at ¶8.

{¶12} Our review of the record confirms that the trial court failed to advise Manning at his sentencing hearing that he would be subject to a mandatory period of post-release-control supervision following his release from prison and that the parole board could impose a prison term of up to one-half of the prison term originally imposed,

if he violated the conditions of his post-release control.  See R.C. 2929.19(B)(3)(c) and 2967.28(B).

{¶13}    Therefore, we sustain the second assignment of error and remand this case to the trial court solely for it to correct its judgment "by employing the sentencing correction mechanism of R.C. 2929.191."  See *State v. Williams* at ¶23-24.  The trial court's judgment is affirmed in all other respects.

Judgment affirmed in part and cause remanded.

**HILDEBRANDT, P.J., HENDON** and **CUNNINGHAM, JJ.**

Please Note:

The court has recorded its own entry on the date of the release of this decision.