O’Donnell, J.,
dissenting.
{¶ 27} I respectfully dissent.
{¶ 28} We accepted this case as a certified conflict from decisions of the Second and Fifth District Courts of Appeals in order to resolve the following question of law: “Where a criminal defendant enters a plea of guilty to escape, does res *113 judicata bar the defendant from arguing his plea is void due to a post release control sentencing violation?”
{¶ 29} In my view, our decision in State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, controls the outcome of this case. In Fischer, we recognized that “when a judge fails to impose statutorily mandated postrelease control as part of a defendant’s sentence, that part of the sentence is void and must be set aside.” (Emphasis sic.) Id. at ¶ 26. The court further explained, “Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.’’ Id. at paragraph three of the syllabus. The lesson from Fischer is that a sentence is void only to the extent that it fails to impose a statutorily mandated term on an offender.
{¶ 30} Here, the error in the sentence is that the trial court imposed an insufficient term of postrelease control — “up to a maximum of three years”' — for the 1998 conviction for aggravated burglary when R.C. 2967.28(B) required a five-year mandatory term of postrelease control for a first-degree felony. Nonetheless, the court did impose postrelease control to the extent that the sentence complied with the statute — that is, to the extent that it imposed three years of the mandatory five-year term of postrelease control. This is so because the trial court lacked the power to exempt Billiter from postrelease control. As we observed in Fischer, “The failure to impose a statutorily mandated period of postrelease control is more than administrative or clerical error. It is an act that lacks both statutory and constitutional authority.” Fischer at ¶ 22.
{¶ 31} I therefore cannot agree that imposing a term of postrelease control of insufficient length renders that part of the sentence a “mere nullity,” relieving Billiter from supervision required by statute, imposed by the court, and executed by the Adult Parole Authority.
{¶ 32} In Woods v. Telb, 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000), we addressed the constitutional significance of including postrelease control in the sentence, explaining that the Adult Parole Authority may impose postreleasecontrol sanctions only if a trial court incorporates postrelease control into its original sentence. Id. at 512-513.
{¶ 33} But this case does not involve a situation in which the trial court faded to impose any term of postrelease control, thereby depriving the Adult Parole Authority of the power to execute the sentence and supervise the offender on release. Nor is this a case in which the term of postrelease control expired before the escape occurred or in which the trial court imposed a period of supervision longer than permitted by law.
*114 John D. Ferrero, Stark County Prosecuting Attorney, and Richard Mark Caldwell, Assistant Prosecuting Attorney, for appellee.
Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.
{¶ 34} In contrast to those circumstances, here it is undisputed that Billiter received notice, both at the sentencing hearing and in the sentencing entry, that he would be supervised by the Adult Parole Authority for up to three years after his release from prison. And it is undisputed that he complied with that supervision for almost three years, believing himself to be under detention. Although the sanction is insufficient as a matter of law and subject to correction before completion of the sentence, the trial court nonetheless actually imposed a three-year term of postrelease control, the Adult Parole Authority had the authority to execute it, and Billiter therefore committed the crime of escape when he broke his detention.
{¶ 35} Accordingly, because Billiter’s conviction for escape is not void, his belated challenge to it is barred by the doctrine of res judicata, and I would affirm the judgment of the court of appeals.
Lundberg Stratton, J., concurs in the foregoing opinion.