**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0312n.06

Nos. 12-3609/3611

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Mar 28, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ROBERT S. ROOP,  (12-3609) | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |
| RICHARD T. ROOP,  (12-3611) | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  DAUGHTREY, SUTTON, and KETHLEDGE, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.  In these consolidated appeals, the defendants, brothers Robert Roop and Richard Roop, appeal the sentences imposed by the district court following their guilty pleas to participation in a drug-manufacturing conspiracy.  Each defendant received an 80-month sentence.  We review sentences in criminal cases for substantive and procedural reasonableness under an abuse-of-discretion standard.  *Gall v. United States,* 552 U.S. 38, 51 (2007).  For the reasons that follow, we affirm both sentences.

*No. 12-3609*

Defendant Robert Roop pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, under 21 U.S.C. § 846.  He now contends that the district

court erred in assessing two criminal history points based on a 2003 conviction in state court that has since been invalidated because he was not notified at the time of sentencing that he would be subject to "post-release control." He cites as authority note 6 to USSG § 4A1.2, which provides that a conviction that has been reversed or vacated should not be included in a defendant's criminal history score. However, his argument is precluded by *State v. Fisher*, 942 N.E. 2d 332 (Ohio 2010), which held that the failure to advise of post-release control invalidates *only* the post-release control and *not* the underlying conviction or the rest of the sentence. *See also United States v. Coleman*, 655 F.3d 480, 485 (6th Cir. 2011) (upholding the inclusion of an Ohio conviction in a defendant's criminal history after post-release control was invalidated). Thus, the district court did not err in counting Robert's state court conviction when calculating his criminal history score.

*No. 12-3611*

Defendant Richard Roop pleaded guilty to conspiracy to possess and distribute a listed chemical, under 21 U.S.C. § 846. He argues that his sentence is substantively unreasonable because his more culpable co-defendants received the same sentence he did. However, the district court was not required to consider sentencing disparities between co-defendants. See *United States v. Mitchell*, 681 F.3d 867, 883 (6th Cir. 2012). Moreover, this argument overlooks the fact that Richard was sentenced as a career offender, which subjected him to a higher guideline range in spite of his lesser role in the

offense.  Thus, the district court did not commit an abuse of discretion in regard to

Richard's sentence.

AFFIRMED.