French, J.,
dissenting.
{¶ 26} The central question before us is whether the classification level of an offense qualifies as a “penalty” or “punishment” to the offender, apart from any actual sentence the offender receives. Because the answer to this question is no, and because the majority largely avoids the issue, I must respectfully dissent.
{¶ 27} 2011 Am.Sub.H.B. No. 86 (“H.B. 86”) amended R.C. 2913.02, changing Taylor’s theft of $550 worth of cologne from a fifth-degree felony to a first-degree misdemeanor. We must decide whether this amendment, which became effective after Taylor committed his offense, but before he was sentenced, retroactively applies to Taylor. Section 4 of H.B. 86 (“Section 4”) explains how retroactivity should work for offenders in Taylor’s position, stating: “The amendments to * * * [R.C.] 2913.02 * * * apply * * * to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.” By the plain terms of Section 4, a defendant can receive the retroactive benefit of the statutory amendment only if R.C. 1.58(B) “makes the amendment ] applicable” to him. Thus, to determine whether an amendment will retroactively apply to a defendant, a court must filter the amendment through R.C. 1.58(B) to determine whether R.C. 1.58(B) forces application of the amendment.
{¶ 28} R.C. 1.58(B) provides that “[i]f the penalty, forfeiture, or punishment for any offense is reduced by * * * amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.” (Emphasis added.) Plainly, not all statutory amendments will be retroactive under R.C. 1.58(B). Only those dealing with a “penalty, forfeiture, or punishment” qualify. Thus, we must ultimately determine whether the amendment in Taylor’s case qualifies as a change in Taylor’s penalty, forfeiture, or punishment.
{¶ 29} H.B. 86 changed the classification level for Taylor’s theft offense from a fifth-degree felony to a first-degree misdemeanor. An offense-level classification, by itself — and aside from any actual sentence — is not a penalty or punishment. Taylor argues that because a felony conviction carries numerous collateral disadvantages, such as losing the right to vote, to hold certain public offices, or to apply for certain licensures, the offense-level classification is itself a penalty. This argument is not persuasive. R.C. 1.58(B) covers only reductions in “the *201 penalty, forfeiture, or punishment for any offense.” (Emphasis added.) Having a felony record may independently disadvantage Taylor, but any such disadvantages would not arise from application of R.C. 2913.02 and would not be penalties for Taylor’s theft offense. They would simply be the general consequences of being a felon.
{¶ 30} Moreover, not every higher offense-level classification carries additional consequences. Not all offenders will be faced with the difference between a felony conviction and a misdemeanor conviction. Some offenses may have changed only from a level-three felony to a level-four felony, or from a level-two misdemeanor to a level-three misdemeanor.
{¶ 31} Taylor focuses solely on the collateral disabilities associated with felonies, but even a felony conviction does not necessarily entail any additional consequences for a particular defendant. For instance, if an offender already had ten felony convictions on his record, one additional felony conviction may not result in any new disabilities; the offender would already have been subject to the normal consequences of being a convicted felon. Simply put, not every offense-level classification comes with collateral consequences. And even if it did, the classification level still would not qualify as a penalty or punishment under R.C. 1.58(B).
{¶ 32} Nevertheless, the majority concludes that Taylor could not be convicted as a felon and sentenced as a misdemeanant. I disagree with the rationales supporting this conclusion.
{¶ 33} First, the majority states that an offense classification cannot be separated from the offense penalty because “implicit in a decrease in the classification of an offense * * * is a corresponding reduction in the penalty or punishment for that conduct.” Majority opinion at ¶ 16. That is incorrect. A decrease in offense classification does not necessarily have any corresponding reduction in the penalty or punishment. For example, in Taylor’s case, the decrease in his offense classification had no effect on the penalty he received. At the sentencing hearing, the trial judge sentenced Taylor to two years of community-control sanctions for his theft. After some discussion of H.B. 86, the judge decreased Taylor’s offense level from a fifth-degree felony to a first-degree misdemeanor. The judge explained, however, that Taylor’s sentence would have been the same regardless of how the offense was classified, stating: “Now, none of this [the change in classification] is going to affect you in any practical order. You will still be on probation.” Thus, it is incorrect to say that a decrease in classification necessarily corresponds to a decrease in the actual penalty or punishment for a crime. The two are not inextricably intertwined.
{¶ 34} Second, the majority predicates its decision on the idea that “the legislature has provided no statutory authority for those convicted of a felony offense to be sentenced pursuant to the sentencing statute for misdemeanants.” *202 Majority opinion at ¶ 18. But the legislature provided precisely that authority through H.B. 86 and R.C. 1.58(B); together, both sections allow convicted felons to be sentenced as misdemeanants. And by exercising this authority, courts will be fulfilling their duty — contrary to the majority’s suggestion otherwise — “to apply sentencing laws as they are written.” State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22. R.C. 1.58(B) demands that in situations like Taylor’s, the pre-H.B. 86 version of the relevant criminal statute apply for purposes of determining the offense classification, and the post-H.B. 86 version apply for purposes of determining the offender’s sentence. In splitting the classification from the sentence, trial courts are applying the sentencing laws as written; they must simply apply different versions of the laws for different purposes.
{¶ 35} Finally, I disagree with the majority’s reading of Section 4. The majority states that “because R.C. 1.58 applied to Taylor, the decrease in classification and degree enacted by H.B. 86 should apply as well.” Majority opinion at ¶ 9. The concurrence echoes this reasoning, stating that “[bjecause R.C. 1.58 applies to reduce Taylor’s penalty, the uncodified language in H.B. 86 makes all the amendments to R.C. 2913.02 also apply.” Concurring opinion at ¶ 24. In essence, both opinions read H.B. 86 to say that all the statutory amendments apply to a defendant so long as R.C. 1.58(B) applies to the defendant.
{¶ 36} Not so. Section 4 clearly states that an amendment applies to an offender only if R.C. 1.58(B) makes the amendment apply. It does not state that an amendment applies to a defendant simply whenever R.C. 1.58(B) applies to a defendant. The distinction is this: R.C. 1.58(B) may apply to a defendant in some sense (for instance, to give him the benefit of a decreased sentence), but this general application of R.C. 1.58(B) does not make all other statutory amendments apply to the defendant as well. Here, R.C. 1.58(B) applies to Taylor, but it does not “make[] the [R.C. 2913.02 offense-level] amendments applicable” to Taylor, as H.B. 86 requires. It is this critical distinction that the majority and the concurrence fail to acknowledge.
{¶ 37} Ultimately, both the majority and the concurrence narrowly focus on who should receive the benefit of retroactive amendments, without asking which amendments even apply retroactively. The opinions assume, incorrectly, that any statutory amendment will apply retroactively through R.C. 1.58(B). But the plain language of R.C. 1.58(B) belies any such conclusion. Only amendments dealing with penalties, forfeitures, or punishments can apply through R.C. 1.58(B). And an amendment changing the classification of an offense is not an amendment to a penalty or punishment. It is not, therefore, entitled to retroactive application. Accordingly, I would hold that Taylor was not entitled to have his offense reduced to a first-degree misdemeanor. I would answer the certified- *203 conflict question in the negative and affirm the judgment of the court of appeals. Because the majority has concluded otherwise, I dissent.
Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.
Neil P. Agarwal, for appellant.
Timothy Young, Ohio Public Defender, and Stephen Goldmeier, Assistant Public Defender, urging reversal for amicus curiae, Office of the Ohio Public Defender.