[Cite as *State v. Prim*, 2014-Ohio-931.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100138**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JESSE PRIM

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-97-357925

**BEFORE:** Celebrezze, P.J., Keough, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 13, 2014

**FOR APPELLANT**

Jesse Prim, pro se
Inmate No. 357-237
Grafton Correctional Institution
2500 S. Avon Belden Road
Grafton, Ohio   44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Jesse Prim, appeals the judgment of the common pleas court denying his motion to correct his sentence. After a careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural History

{¶2} Appellant was indicted in connection with the shooting death of victim Terry Smith on December 5, 1997. Appellant's case proceeded to a jury trial, after which he was found guilty of aggravated murder, with a three-year firearm specification, in violation of R.C. 2903.01; attempted murder, with a three-year firearm specification, in violation of R.C. 2903.02; unlawful possession of a dangerous ordnance, with a firearm specification, in violation of R.C. 2923.17; and having a weapon while under disability in violation of R.C. 2923.13. On April 27, 1998, appellant was sentenced to serve a life term of imprisonment.

{¶3} In his direct appeal, appellant claimed that the trial court failed to provide an instruction on voluntary manslaughter; abused its discretion by referring appellant to the court psychiatric clinic for an evaluation; and allowed the introduction of statements that appellant had made to police that were not voluntary. He also claimed he received ineffective assistance of counsel. This court found that appellant's assignments of error were without merit and affirmed his convictions and sentence. *State v. Prim*, 134 Ohio App.3d 142, 730 N.E.2d 455 (8th Dist.1999).

{¶4} Following this court's affirmance, appellant filed a motion for resentencing in August 2009. The trial court denied the motion and appellant appealed. *State v. Prim*,

8th Dist. Cuyahoga No. 93955, 2010-Ohio-1580. In his appeal, appellant argued that "all his sentences [were] void because the trial court failed to inform him of postrelease control." This court agreed with respect to appellant's charges for unlawful possession of a dangerous ordnance and having a weapon while under disability. *Id*. at ¶ 8. Accordingly, this court remanded the case to the trial court for resentencing.

{¶5} On remand, the trial court determined that appellant had already completed his sentence for the charges of unlawful possession and having a weapon while under disability. Thus, the trial court concluded that it lacked jurisdiction to resentence appellant on those charges and that it could not impose postrelease control.

{¶6} In April 2013, appellant filed a motion to correct his sentence. In his motion, appellant alleged that the trial court failed to credit the two years he served for having a weapon while under disability and possession of a dangerous ordnance toward his murder sentence, in accordance with R.C. 2929.19(B)(2)(g)(i). Appellant further alleged that, pursuant to R.C. 2929.19(B)(2)(g)(ii), he was entitled to a hearing on this matter. In June 2013, appellant's motion to correct his sentence was denied.

{¶7} Appellant now brings this timely appeal, raising one assignment of error for review.

## II. Law and Analysis

{¶8} In his sole assignment of error, appellant argues that the trial court committed reversible error by denying him a hearing on his motion to correct his sentence.

**{¶9}** Within this assignment of error, appellant claims that because the trial court erred in failing to impose postrelease control, his sentences for having a weapon while under disability and possession of a dangerous ordnance were "void" in their entirety. Thus, appellant contends that because the sentences were void, and because they were ordered to run prior to and consecutive to his sentence for aggravated murder, he should have received credit for time served on those sentences. Appellant's contention is without merit.

**{¶10}** Where a trial court fails to properly impose postrelease control, only the postrelease control sanction is void; the remainder of the sentence remains intact. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Thus, appellant was not entitled to any "jail-time" credit, and the trial court had no obligation to hold a hearing pursuant to R.C. 2929.19(B)(g)(i)-(ii). Appellant's request for relief was properly denied.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
PATRICIA A. BLACKMON, J., CONCUR