[Cite as *State v. Henderson*, 2014-Ohio-2854.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 13CA0039 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM HENDERSON | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 02-CR-0070 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2014

CARR, Presiding Judge.

{¶1} Appellant, William J. Henderson, appeals the judgment of the Wayne County Court of Common Pleas. This Court vacates the judgment.

I.

{¶2} On April 18, 2002, the Wayne County Grand Jury indicted Henderson on two counts of aggravated murder, each of which contained two capital offense specifications. Henderson was also indicted on one count of aggravated arson, one count of aggravated robbery, one count of aggravated burglary, all of which were felonies of the first degree. Henderson was also charged with one misdemeanor count of violating a protection order. He pleaded not guilty to all of the charges at arraignment. On December 2, 2002, the trial court issued a journal entry indicating that Henderson had waived his right to a jury trial and agreed to have the matter heard before a three-judge panel with the understanding that the State would not seek the death penalty. The first count of aggravated murder with the attendant specifications was subsequently

dismissed, and Henderson pleaded guilty to the remaining counts in the indictment. With respect to the second count of aggravated murder, Henderson was sentenced to life imprisonment without the possibility of parole. With respect to the counts of aggravated arson, aggravated robbery, and aggravated burglary, Henderson was sentenced to ten years imprisonment for each offense. The ten-year sentences for the first-degree felonies were run concurrently with each other, and also concurrently with the life sentence. Henderson was sentenced to six months imprisonment for violating the protection order, and that sentence was run concurrently to all of the other sentences. The trial court's sentencing entry was issued on December 3, 2002. Henderson did not file a direct appeal.

{¶3} More than ten years later, on June 17, 2013, Henderson filed a pro se motion to set aside his sentence. The trial court subsequently issued a journal entry indicating that Henderson was entitled to resentencing on the basis that the trial court failed to impose post-release control at the time of his original sentencing. After conducting a resentencing hearing before a three-judge panel for the purpose of imposing post-release control, the trial court issued a new sentencing entry on August 30, 2013.

{¶4} On appeal, Henderson raises four assignments of error.

II.

**ASSIGNMENT OF ERROR I**

TRIAL COURT [ERRED] IN NOT CONVENING A THREE-JUDGE PANEL AND MAKING SEPARATE FINDINGS PURSUANT TO OHIO [R.C.] 2929.03(F), 2945.06, AND [CRIM.R.] 11(C)(3)[.]

**ASSIGNMENT OF ERROR II**

TRIAL COURT FAILED TO PROPERLY IMPOSE POST-RELEASE CONTROL PURSUANT TO [R.C.] 2967.28[.]

**ASSIGNMENT OF ERROR III**

TRIAL COURT ERRED IN SENTENCING TO A NON-MINIMUM SENTENCE FOR A FIRST TIME OFFENDER[.]

**ASSIGNMENT OF ERROR IV**

TRIAL COURT ERRED FOR FAILING TO DETERMINE THE NUMBER OF DAYS OF CONFINEMENT OWED BEFORE SENTENCE WAS IMPOSED[.]

{¶5}    On appeal, Henderson argues that the trial court failed to properly impose post-release control at the 2013 resentencing hearing.  Henderson also raises several other issues relating to the remaining portions of his sentence.

{¶6}    On August 30, 2013, the trial court issued an order granting Henderson's motion to set aside his original sentence on the basis that it had failed to impose post-release control at his 2002 sentencing.  At the ensuing hearing, the trial court emphasized on the record that the scope of the resentencing hearing was limited to the imposition of post-release control.

{¶7}    The Supreme Court of Ohio has held that an error in post-release control notification does not result in a void sentence.  *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.  In *Fischer*, the Supreme Court held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside."  *Id*. at ¶ 26.  The Court reasoned that "[n]either the Constitution nor common sense commands anything more."  *Id*.  The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of postrelease control."  *Id*. at ¶ 29.  The Court also held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence."  *Id*. at paragraph three of the syllabus.

{¶8}   The Supreme Court has further recognized that "once an offender has completed the prison term imposed in his original sentence, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control." *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 70; *State v. Bezak*, 114 Ohio St.3d. 94, 2007-Ohio-3250, ¶ 18 (concluding that defendant could not be resentenced because he had "already served the prison term ordered by the trial court.").

{¶9}   Here, the trial court's failure to properly impose statutorily mandated post-release control at Henderson's 2002 sentencing resulted in "that *part* of the sentence" being void. *Fischer* at ¶ 26. The doctrine of res judicata applies to the other aspects of Henderson's 2002 convictions that are unrelated to post-release control, including the determination of guilt and the lawful elements of the original sentence. *Id*. at paragraph three of the syllabus. It follows that the scope of Henderson's current appeal from the resentencing hearing is limited to issues relating to post-release control. *Id*. at paragraph four of the syllabus. At the time Henderson filed his motion to vacate in June 2013, he had already been in prison for more than ten years. Thus, because Henderson had already served the ten-year sentences on each of the first-degree felony offenses that would have warranted the imposition of post-release control, the trial court was without authority to hold a resentencing hearing to correct the post-release control error. *Bloomer* at ¶ 70. It follows that it was improper for the trial court to impose a term of post-release control on Henderson at the 2013 resentencing hearing.

{¶10}  To the extent the trial court imposed a term of post-release term at the 2013 resentencing hearing, the judgment must be vacated. The trial court properly determined that it was without authority to entertain challenges to the remaining portions of Henderson's 2002

sentence, including the imposition of a life sentence without the possibility of parole for the aggravated murder conviction. The trial court's 2002 sentencing entry remains in effect.

III.

{¶11} Pursuant to this opinion, the August 30, 2013 judgment of the Wayne County Court of Common Pleas is vacated and the trial court's 2002 sentencing entry remains in effect.

Judgment vacated.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

WILLIAM HENDERSON, pro se, Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.