[Cite as *State v. Hausen*, 2011-Ohio-5573.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 10CA009840 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALAN HAUSEN | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No. 06CR069967 |

DECISION AND JOURNAL ENTRY

Dated: October 31, 2011

---

BELFANCE, P.J.

{¶1} The State of Ohio appeals from the judgment of the Lorain County Court of Common Pleas resentencing Defendant-Appellee Alan Hausen. For the reasons set forth below, we vacate the resentencing entry and reinstate Mr. Hausen's original sentence.

I.

{¶2} In March 2006, Mr. Hausen was indicted on one count of importuning in violation of R.C. 2907.07(D)(2), listed in the indictment as a felony of the fourth degree and one count of possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree. Mr. Hausen pleaded guilty to the indictment and was sentenced in May 2006 to a total prison term of eighteen months and mandatory post-release control of up to five years. Mr. Hausen did not appeal.

{¶3} In 2010, after Mr. Hausen had finished his prison sentence and while he was on post-release control, he filed a motion to withdraw his plea. In his motion, he essentially

asserted that the indictment was insufficient to charge a felony of the fourth degree, as a violation of R.C. 2907.07(D)(2) was only a fourth degree felony if there was a prior violation of the statute and such was not alleged in the indictment; thus, he argued his plea was not knowingly and intelligently entered. The trial court denied his motion, but sua sponte vacated the judgment of conviction and sentence and scheduled a resentencing hearing. The trial court resentenced Mr. Hausen for a fifth degree felony violation of R.C. 2907.07(D)(2) and a fifth degree felony violation of R.C. 2923.24(A). Mr. Hausen was sentenced to a concurrent term of one year in prison. The trial court refused to impose any post-release control obligations as Mr. Hausen had completed his prison sentence. The State filed a motion for leave to appeal, which this Court granted.

II.

ASSIGNMENT OF ERROR

"THE TRIAL COURT ACTED WITHOUT JURISDICTION WHEN IT VACATED HAUSEN'S CONVICTION AND SENTENCE AND CONDUCTED THE RE-SENTENCING HEARING OF JUNE 17, 2010."

{¶4} The State asserts in its sole assignment of error that the trial court lacked jurisdiction to vacate Mr. Hausen's convictions and sentence and to resentence him.

{¶5} This Court can locate no authority that would permit the trial court to sua sponte vacate in toto Mr. Hausen's judgment of conviction and sentence and resentence him after he had served his entire prison term. The trial court noted that Mr. Hausen was convicted of a fourth degree felony when the indictment recited a fifth degree felony. The trial court appears to have concluded that it had authority to sua sponte vacate Mr. Hausen's convictions and sentence because the original sentencing court had no jurisdiction to enter the sentence.

{¶6} Mr. Hausen pleaded guilty to a fifth degree felony violation of R.C. 2923.24(A) and a fourth degree felony violation of R.C. 2907.07(D)(2). As Mr. Hausen did not object to the indictment and pleaded guilty to the two offenses, he waived any deficiencies in the indictment. See *State v. Neal*, 9th Dist. Nos. 24392, 24398, 2009-Ohio-3170, at ¶3, quoting *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, at ¶73 ("[A] defendant 'waive[s] any deficiency in the indictment by failing to object to the indictment and by pleading guilty to the offense.'"). Further, Mr. Hausen was originally sentenced to twelve months in prison for a fifth degree felony violation of R.C. 2923.24(A) and eighteen months for a fourth degree felony violation of R.C. 2907.07(D)(2). Both sentences are within the range permitted by the sentencing statute. See R.C. 2929.14(A)(4)-(5). Thus, we see no basis for the trial court to sua sponte vacate Mr. Hausen's convictions and sentences in their entirety. Accordingly, the State's argument has merit.

{¶7} Nonetheless, a review of the 2006 judgment entry reveals that the post-release control notification was erroneous and the trial court may have recognized this error. Mr. Hausen was subject to a mandatory term of five years of post-release control, as he was convicted of a felony sex offense, see R.C. 2967.28(B)(1); however, the 2006 judgment entry states that Mr. Hausen was subject to a mandatory term of post-release control of "up to a maximum of [5] years[.]" In addition, the trial court failed to include in the 2006 judgment entry the consequences Mr. Hausen faced if he violated post-release control. The Supreme Court has held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (Emphasis in original.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶26; see, also, *State v. Mundy*, 9th Dist. No. 08CA0047-M, 2009-Ohio-6373, at ¶¶4-5 (concluding that the use of "up

to" rendered the sentence void). However, as Mr. Hausen has completed his original prison term, he cannot be subjected to another sentencing to correct the error. See *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, at ¶70. "Furthermore, in the absence of a proper sentencing entry imposing postrelease control, the parole board's imposition of postrelease control cannot be enforced." Id. at ¶71. Thus, as Mr. Hausen completed his prison term prior to the proper imposition of post-release control, Mr. Hausen cannot now be subject to post-release control.

## III.

{¶8} In light of the foregoing, we sustain the State's assignment of error, vacate the trial court's 2010 resentencing entry and reinstate Mr. Hausen's original judgment entry of conviction and sentence. Mr. Hausen, however, cannot be subject to post-release control for the reasons discussed above.

Judgment vacated
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and BILLIE JO BELCHER, Assistant Prosecuting Attorney, for Appellant.

EDWIN VARGAS, Attorney at Law, for Appellee.

DAVID H. BROWN, Attorney at Law, for Appellee.