[Cite as *State v. Neal*, 2012-Ohio-2109.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee              :        C.A. CASE NO. 24355

vs.                                    :        T.C. CASE NO. 10CR1953

WILLIAM NEAL                           :        (Criminal Appeal from
                                            Common Pleas Court)

    Defendant-Appellant            :

· · · · · · · · ·

**O P I N I O N**

Rendered on the 11th day of May, 2012.

· · · · · · · · ·

Mathias H. Heck, Jr., Pros. Attorney; Michele D. Phipps, Atty. Reg. No. 0069829, Asst. Pros. Attorney, P.O. Box 972, Dayton, OH   45422
        **Attorneys for Plaintiff-Appellee**

John Scaccia, 536 West Central Avenue, 2nd Floor, Springboro, OH   45066, Atty. Reg. No. 0022217
        **Attorney for Defendant-Appellant**

· · · · · · · · ·

GRADY, P.J.:

{¶ 1} Defendant, William Neal, appeals from his conviction for abduction and domestic violence.

{¶ 2} Defendant was indicted on one count of abduction, R.C. 2905.02 (A)(2), including an allegation pursuant to R.C. 2967.28 that Defendant caused or threatened physical

harm to a person during the commission of that offense. Defendant was also indicted on two counts of attempted rape, R.C. 2923.02(A) and 2907.02(A)(2), one count of domestic violence, R.C. 2919.25(A), and one count of felonious assault, R.C. 2903.11(A)(2). Pursuant to a negotiated plea agreement, Defendant entered pleas of no contest to the abduction and domestic violence charges and was found guilty. In exchange, the State dismissed the other charges. The trial court sentenced Defendant to concurrent prison terms of one year on the abduction charge and one hundred and eighty days on the domestic violence charge, for a total sentence of one year.

{¶ 3} Defendant timely appealed to this court from his conviction and sentence.

FIRST ASSIGNMENT OF ERROR

{¶ 4} "THE JUDGE ABUSED HIS DISCRETION IN IMPOSING A PRISON SENTENCE RATHER COMMUNITY CONTROL SANCTIONS AGAINST DEFENDANT-APPELLANT IN VIOLATION OF DUE PROCESS AND FOURTEENTH AMENDMENT RIGHTS."

{¶ 5} Defendant argues that the trial court abused its discretion by sentencing him to a one year prison term rather than community control.

{¶ 6} Defendant does not argue that the sentence the court imposed was contrary to law. In that circumstance, we may reverse only for an abuse of discretion on the part of the trial court. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

{¶ 7} "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will

result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 8} A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment, Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 9} Defendant argues that imposing a prison sentence instead of community control sanctions was unreasonable for several reasons: Defendant's degree of cooperation, his lack of a felony record, his need for mental health treatment, and his remorse. Defendant also argues that the State's case was weak.

{¶ 10} Defendant waived his right to challenge the strength of the State's case when he entered his no contest pleas. The other matters Defendant cites could support community control in lieu of incarceration, but they need not have. The choice of one over the other is within the sound discretion of the trial court.

{¶ 11} The court appears to have given weight, perhaps decisively so, to the fact that Defendant was on probation through another court for misdemeanor assault when he committed the abduction and domestic violence offenses of which he was convicted. It was not unreasonable to view that fact as tipping the scales to favor a term of incarceration. The first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 12} "THE JUDGE ERRED WHEN ADVISING OF THE POST RELEASE CONTROL TIME, RENDING THAT PORTION OF THE SENTENCE VOID."

{¶ 13} The record of the hearing in which Defendant's pleas of no contest were offered and accepted by the court contains the following statement to Defendant made by the court:

> THE COURT: And Mr. Neal, if you were to receive a prison sentence, again, I'm not deciding today whether you will or will not but you need to know this law which is that if you were to receive a prison sentence, upon completing such a prison sentence, you would then or will be placed on <u>a full three years</u> of post-release control supervision by the parole board.  You would be on parole supervision for <u>up to a full three years</u> after finishing a prison sentence.   (Plea Tr. 10) (Emphasis added.)

{¶ 14} A full three year term of post-release control is mandated by R.C. 2967.28(B)(3) for the abduction offense of which Defendant was convicted.  Defendant argues that the variance between "a full three years" and "up to three years" in the advice he was given by the court when he entered his pleas "may have affected the Defendant-Appellant's voluntariness and willingness to plead."  (Brief, p. 9.)  However, Defendant does not claim that the variance did have that result.  Defendant's contention that it "may" have is speculative.  Instead, Defendant contends that the misadvice that the term of post-release control would be "up to a full three years" rendered his sentence void, requiring re-sentencing.

{¶ 15} A sentence that does not include a statutorily mandated term of post-release

control is void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Defendant concedes that, in contrast to the court's statements at the plea hearing, "the Court's advice during the sentencing hearing was correct and it was incorporated into a termination or sentencing entry" (Brief, p. 8), that reference being to the Crim.R. 32(C) judgment of conviction. The error Defendant assigns concerns his sentence. The matters conceded by Defendant waive the error he assigns.

{¶ **16**} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.

DONOVAN, J., And HALL, J., concur.

Copies mailed to:

Michele D. Phipps, Esq.
John Scaccia, Esq.
Hon. Dennis J. Langer