[Cite as *State v. Bruce*, 2012-Ohio-3494.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                                          :

    Plaintiff-Appellee                           :        C.A. CASE NO.    2012 CA 6

v.                                                            :        T.C. NO.    08CR729, 08CR843

JAYE BRUCE                                          :        (Criminal appeal from
                                         Common Pleas Court)

    Defendant-Appellant                        :

                                             :

. . . . . . . . . .

# O P I N I O N

Rendered on the ___3rd___ day of ___August___, 2012.

. . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, 55 Greene Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

SAMUEL J. WARDEN, Atty. Reg. No. 0087918, 7588 Central Parke Blvd., Suite 131, Mason, Ohio 45040
    Attorney for Defendant-Appellant

JAYE BRUCE, #595857, London Correctional Institute, P. O. Box 69, London, Ohio 43140
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

**{¶ 1}** This matter is before the Court on the Notice of Appeal of Jaye Bruce, filed January 17, 2012. Counsel for Bruce filed his appeal pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting an inability to find any meritorious claim to present for review. This Court granted Bruce 60 days in which to file a pro se brief assigning any errors for review, and Bruce did not file a brief. The State did not file a response to the *Anders* brief.

**{¶ 2}** On December 1, 2008, Bruce pled guilty to one count of escape, in violation of R.C. 2921.34, a felony of the second degree, and one count of failure to periodically verify current address, in violation of R.C. 2950.06(F), also a felony of the second degree. Bruce received a four year agreed sentence on each count, to be served concurrently. On December 15, 2011, the trial court resentenced Bruce, pursuant to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, providing correct notice, prior to his release from prison, of the terms of postrelease control as part of his sentence. This appeal arises from his resentencing.

**{¶ 3}** This Court previously noted, in *State v. Marbury*, 2d Dist. No. 19226, 2003-Ohio-3242, ¶ 7-8:

> We are charged by *Anders* to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the

defendant. * * *

Anders equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal. * * *

**{¶ 4}** In his initial sentencing hearing, the transcript reflects that while the court advised Bruce that he was subject to a mandatory three year period of postrelease control, the court did not advise him that the mandatory three years applied to both of his convictions. In *Fischer*, the Supreme Court of Ohio held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." *Id*., ¶ 26. The Court concluded as follows:

> * * * [V]oid sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack. We further hold that although the doctrine of res judicata does not preclude appellate review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing

hearing. *Id*., ¶ 40.

**{¶ 5}** A thorough review of the transcript of Bruce's resentencing hearing reveals that, after providing the parties with an opportunity to be heard, the court notified Bruce that post release control is mandatory for three years on both the conviction of escape and the conviction of failure to periodically verify current address. Furthermore, Bruce was advised of the consequences for violating the conditions of post release control imposed pursuant to R.C. 2967.28.

**{¶ 6}** No issues involving potentially reversible error were raised by appellate counsel or by Bruce, and having thoroughly completed our independent analysis pursuant to *Anders*, we are unable to find any meritorious issues for further review, and we accordingly decline to appoint different appellate counsel to represent Bruce. The judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Elizabeth A. Ellis
Samuel J. Warden
Jaye Bruce
Hon. Stephen A. Wolaver