[Cite as *State v. Hicks*, 2012-Ohio-4972.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2012 CA 09 |
| vs. | : | T.C. CASE NO. 2004 CR 630 |
| CHRISTOPHER J. HICKS | : | (Criminal Appeal from the Common Pleas Court) |
| Defendant-Appellant | : | |

· · · · · · · · ·

**O P I N I O N**

Rendered on the 26th day of October, 2012.

· · · · · · · · ·

Stephen K. Haller, Prosecuting Attorney, Stephanie R. Hayden, Assistant Prosecuting Attorney, Atty. Reg. No. 0082881, 55 Greene Street, First Floor, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

Christopher W. Thompson, Atty. Reg. No. 0055379, 130 West Second Street, Suite 2050, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

· · · · · · · · ·

GRADY, P.J.:

{¶ 1}  This matter is before the court on a notice of appeal filed by Defendant Christopher J. Hicks from a Crim.R. 32(C) judgment of conviction entered by the court of common pleas on December 15, 2011.

{¶ 2} On October 5, 2005, Hicks was sentenced to terms of incarceration of six months each for one fourth and two fifth degree felony offenses, and to a term of seven years mandatory imprisonment for a second degree felony offense. The terms were ordered to be served concurrently, for a total term of incarceration of seven years. The judgment further provided:

The Court has further notified the defendant that post release control is mandatory in this case up to a maximum of 3 years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The Defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control.

{¶ 3} The trial court erred in imposing post release control. The post release control applicable to the fourth and fifth degree felonies is optional, not mandatory. And, the mandatory post release control applicable to the second degree felony is for three years, not up to a maximum of three years.

{¶ 4} On June 27, 2011, the State of Ohio filed a Motion To Correct Post Release Control [Dkt. 94]. The State requested a *de novo* sentencing to correct the prior imposition of post release control, limited to that issue. The State also requested a video proceeding pursuant to R.C. 2929.191(C).

{¶ 5} On December 15, 2011, the court conducted a video sentencing proceeding to correct its prior imposition of post release control. The court conducted a *de novo* proceeding to impose the entire sentence "[b]ecause this was before the change in the statute." (Tr. 2).

{¶ 6} *In State v. Fischer*, 128 Ohio St.2d 92, 2010-Ohio-6238, 942 N.E.2d 332, in which the defendant had been sentenced in 2002, the Supreme Court held that the new sentencing hearing to which an offender is entitled to correct an error in the imposition of post release control is limited to the proper imposition of post release control. Paragraph two, Syllabus by the Court.

{¶ 7} The court imposed the terms of imprisonment it previously imposed, except that it imposed no sentence for one of the two fifth degree felonies upon a finding that it merged with the other pursuant to R.C. 2941.25. The terms imposed were again ordered to be served concurrently for the same total term of incarceration of seven years. Post release control for all the offenses was properly imposed. The court's judgment of conviction reflecting its oral pronouncements was journalized on December 15, 2011. Defendant's notice of appeal is from that final judgment.

{¶ 8} Counsel for Defendant filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967), stating that he could identify no meritorious issues for appellate review. We notified Defendant of that fact and allowed him ample opportunity to file his own brief *pro se.* None has been filed. The matter is now before us for our own independent review pursuant to *Penson v. Ohio*, 488 U.S. 75, 102 L.Ed.2d 300, 109 S.Ct. 346 (1988).

{¶ 9} Counsel for Defendant-Appellant presents one potential Assignment of Error:

"THE TRIAL COURT ERRED WHEN IT WAITED TO RE-SENTENCE APPELLANT 2 YEARS AFTER THE DECISION IN *STATE V. SINGLETON* WHEN CRIM.R. 32

REQUIRES THAT SENTENCES SHALL BE IMPOSED WITHOUT UNNECESSARY DELAY."

{¶ 10} Defendant contends that waiting to re-sentence him until the eve of his release from incarceration, after which he could not be re-sentenced, and two years after being given notice of the error in the prior imposition of post release control, "appears to contradict the mandate of Crim.R. 32 requiring a sentence to be imposed without unnecessary delay." (Brief, p. 3).

{¶ 11} A failure to properly impose post release control renders that part of the sentence void. *Fischer.* In that event, the proper remedy is to re-sentence the defendant. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. A motion to correct an illegal sentence "is an appropriate vehicle for raising the claim that a sentence is facially illegal at any time." *Fischer*, ¶ 25.

{¶ 12} The record contains no indication that the court had notice that the post release control provisions in Defendant's 2005 sentence were void until the State filed its Motion To Correct Post Release Control on June 27, 2011. The State requested a video re-sentencing provision pursuant to R.C. 2929.191(C). That section provides that certain prior notices be given and other arrangements made, necessitating some delay. The court conducted a video conference to re-sentence Defendant on December 15, 2011, five and one-half months after the State's motion was filed. There is no basis in the record to find that the delay prejudiced Defendant, who remained incarcerated until October 5, 2012 pursuant to the mandatory seven year sentence the court imposed in 2005, because his post release control could not commence until after his release. The potential assignment of error lacks arguable merit.

{¶ 13} Our further review of the post-release control terms in the sentences the court imposed likewise presents no potential error having arguable merit. The judgment from which the appeal was taken will be affirmed.

Froelich, J., and Hall, J., concur.

Copies mailed to:

Stephanie R. Hayden, Esq.
Christopher W. Thompson, Esq.
Christopher J. Hicks
Hon. Stephen Wolaver