[Cite as *State v. Arrone*, 2012-Ohio-6035.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

STATE OF OHIO                                    :

      Plaintiff-Appellee            :        C.A. CASE NO. 2012 CA 42

vs.                                              :        T.C. CASE NO. 2005 CR 01

ROGER S. ARRONE                                  :        (Criminal Appeal from
                                       the Common Pleas Court)
      Defendant-Appellant           :

. . . . . . . . .

**O P I N I O N**

Rendered on the 21st day of December, 2012.

. . . . . . . . .

Stephen K. Haller, Prosecuting Attorney, by Elizabeth A. Ellis, Assistant Prosecuting Attorney, Atty. Reg. No. 0074332,61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

Adrian King, Atty. Reg. No. 0081882, 36 North Detroit Street, Suite 104, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1}   Defendant Roger Arrone appeals from a May 10, 2012 re-sentencing order that imposed a statutorily-mandated, three-year term of post-release control.

{¶ 2} In 2005, Defendant was convicted following a jury trial on three counts of felonious assault, R.C. 2903.11(A)(2), felonies of the second degree, with accompanying firearm specifications. The trial court sentenced Defendant to 17 years in prison. On appeal, we affirmed Defendant's convictions, but remanded the case to the trial court for re-sentencing. *State v. Arrone,* 2d Dist. Greene No. 2005 CA 89, 2006-Ohio-4144. Defendant was again sentenced to 17 years.

{¶ 3} On May 9, 2012, Defendant was again brought before the trial court in order to consider the issue of post-release control pursuant to the Ohio Supreme Court's decision in *State v. Fisher,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Defendant filed a timely notice of appeal from the trial court's re-sentencing order.

{¶ 4} Appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493 (1967), stating that he could find no potentially meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 5} Appellate counsel identifies one potential issue for our review: whether the trial court erred in re-sentencing Defendant when he was not physically present in the courtroom, but was present via video conference.

{¶ 6} Revised Code Section 2929.191(A) permits a trial court to correct sentencing orders when the court originally failed to advise a defendant of post-release control requirements. Re-sentencing hearings under this section may be conducted via video

conference pursuant to R.C. 2929.191(C), as regulated by Crim.R. 43.  Pursuant to Crim.R. 43(A)(1), a "defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence."  However, proceedings may be held with the defendant appearing by video if a waiver is obtained either in writing or on the record.  Crim.R. 43(A)(2) and (3).

{¶ 7}  The record demonstrates that Defendant was before the trial court via video conference, rather than in person.  At the outset of the hearing, defense counsel stated that he had filed a motion requesting that Defendant be transported for the hearing.  Counsel then asked Defendant, "if he still would like to be transported for presence or would you prefer to now go forward with the video since we have you on the screen?"  (Tr. 3).  Defendant responded, "We can go forward."  Id.  Consequently, counsel withdrew his motion to have Defendant transported.  Id.  The court then advised Defendant that a three-year term of post-release control was statutorily mandated, and the court explained the consequences, should Defendant violate the terms of post-release control.

{¶ 8}  Because Defendant waived his right to be physically present in the court room, and agreed on the record to be re-sentenced via video conference, we cannot conclude that the trial court failed to comply with Crim.R. 43.

{¶ 9}  In addition to reviewing appellate counsel's proposed issue for appeal, we have conducted an independent review of the trial court's proceedings and find no error having arguable merit.  Accordingly, Defendant's appeal is without merit, and the judgment of the trial court will be affirmed.

Froelich, J., and Hall, J., concur.

Copies mailed to:

Elizabeth A. Ellis, Esq.
Adrian King, Esq.
Roger Arrone
Hon. Stephen Wolaver