[Cite as *State v. Mejia*, **2013-Ohio-5508.**]

# IN THE COURT OF APPEALS FIRST
# APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130017 |
| | | TRIAL NO. B-9906276A |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| JERBEIN MEJIA, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Sentences Vacated in Part and Cause Remanded

Date of Judgment Entry on Appeal:  July 24, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Hastings & Hastings, LLC*, and *Robert R. Hastings, Jr.*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Presiding Judge.**

{¶1}   In 2000, defendant-appellee Jerbein Mejia was convicted of three counts of possession of cocaine, three counts of preparation of cocaine for sale, and one count of trafficking in cocaine.   For one of the possession counts, which was count six in the indictment, the trial court sentenced him to ten years in prison and ordered that term to be served consecutively to the ten-year aggregate sentence for the remaining five counts, for a total of 20 years in prison.   We affirmed those convictions.   *State v. Mejia*, 1st Dist. Hamilton No. C-000225 (Dec. 8, 2000).

{¶2}   In 2010, Mejia filed a motion to be resentenced because he had not been properly notified of postrelease control.   Following a hearing, the trial court made the proper postrelease-control notifications.   However, the court modified Mejia's original sentence by ordering each of the prison terms to be served concurrently, thereby reducing his total term of incarceration from 20 years to ten years.

{¶3}   The state now appeals.   In a single assignment of error, the state argues that the trial court erred when it modified Mejia's sentence.   We agree.

{¶4}   In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26, the Ohio Supreme Court held that when a trial court fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that part of the sentence is void and must be set aside.   The defendant is entitled to a new sentencing hearing, but the hearing is limited to the proper imposition of postrelease control.   *Id.* at ¶ 29.

{¶5}   In this case, the trial court's failure to notify Mejia of postrelease control at his original sentencing hearing in 2000 had rendered that part of his sentence void.   Therefore, at Mejia's new sentencing hearing, the court's authority was limited to the proper imposition of postrelease control.   *See State v. Hall*, 1st Dist. Hamilton No. C-100097, 2011-Ohio-2527, ¶ 11, citing *Fischer*.   So the court erred by modifying Mejia's original sentence

beyond the imposition of postrelease control. Consequently, we sustain the assignment of error.

{¶6} We vacate the sentences to the extent that the trial court modified Mejia's original sentences by ordering the sentence for the sixth count to be served concurrently with the sentences for the remaining counts. We remand the case to the trial court with instructions that it issue a sentencing entry reflecting Mejia's original sentence as well as the proper postrelease-control notification.

Sentences vacated in part and cause remanded.

**HILDEBRANDT** and **FISCHER, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.