[Cite as *State v. Cameron*, 2013-Ohio-4397.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-86 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 2012-CR-204 |
| v. | : | 2012-CR-483 |
| | : | |
| ASSANTE CAMERON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of October, 2013.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

SHAWN P. HOOKS, Atty. Reg. #0079100, Deal & Hooks, LLC, 131 North Ludlow Street, Suite 630, Dayton, Ohio 45420
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant Assante Cameron appeals from his conviction and sentence

for one count of Trafficking in Cocaine, in an amount less than five grams, in the vicinity of a juvenile, in violation of R.C. 2925.03(A)(1), a felony of the fourth degree; one count of Trafficking in Cocaine, in an amount less than five grams, in violation of R.C. 2925.03(A)(1), a felony of the fifth degree; and one count of Possession of Heroin, in an amount less than one gram, in violation of R.C. 2925.11(A), a felony of the fifth degree. Cameron contends that the trial court abused its discretion by imposing consecutive sentences, including maximum sentences on two of the three counts, and that the trial court erred by failing to notify him, at the sentencing hearing, of the possibility of post-release control.

{¶ 2} We conclude that the trial court did not abuse its discretion in imposing sentence. The State concedes that the trial court erred by failing to notify Cameron, at the sentencing hearing, of the possibility of post-release control, and takes the position that this cause should be remanded for re-sentencing so that Cameron may be duly notified of the possibility of post-release control. We agree.

{¶ 3} That part of the judgment of the trial court imposing post-release control is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for re-sentencing accordingly

**I.   The Offenses**

{¶ 4} In early August 2010, Cameron sold a confidential informant less than five grams of cocaine. In late August 2010, Cameron sold a confidential informant less than five grams of cocaine in the vicinity of a juvenile.

{¶ 5} When Cameron was arrested in July 2012, he was in possession of 0.18 grams of

heroin.

## II.   The Course of Proceedings

{¶ 6}    In March 2012, in case no. 12CR0204 in the trial court, Cameron was charged by indictment with three counts of Trafficking in Cocaine, in violation of R.C. 2925.03(A)(1), felonies of the fifth degree, and one count of Trafficking in Cocaine, in the vicinity of a juvenile, in violation of R.C. 2925.03(A)(1), a felony of the fourth degree.

{¶ 7}    In July, 2012, in case no. 12CR0483 in the trial court, Cameron was charged by indictment with one count of Possession of Heroin, in violation of R.C. 2925.11(A), a felony of the fifth degree.

{¶ 8}    In October 2012, in a plea bargain, Cameron pled guilty to one count of fourth-degree felony Trafficking in Cocaine and one count of fifth-degree Trafficking in Cocaine in case no. 12CR0204 in the trial court, and to the count of fifth-degree felony Possession of Heroin in case no. 12CR0483 in the trial court.   The remaining counts in case no. 12CR0204 in the trial court were dismissed.   Also as part of the plea bargain, the State agreed to remain silent at sentencing.

{¶ 9}    After a pre-sentence investigation report was prepared and reviewed by trial counsel and the trial court, Cameron appeared for sentencing.   Cameron's counsel acknowledged that the pre-sentence investigation report was "fair and complete."   Cameron's trial counsel spoke on Cameron's behalf, urging the trial court to impose community control sanctions.   Cameron then addressed the trial court.   In compliance with its agreement, the State remained silent.

{¶ 10} The trial court imposed the maximum sentence of eighteen months for the fourth-degree Trafficking in Cocaine offense, the maximum sentence of twelve months for the fifth-degree Trafficking in Cocaine offense, and a sentence of six months for the fifth-degree Possession of Heroin offense. The trial court ordered Cameron's sentences to be served consecutively, for a total sentence of three years.

{¶ 11} Immediately before imposing sentence, the trial court explained its reasoning, as follows:

> All right. Thank you. The State has agreed to remain silent at disposition. I do find that community control is not mandatory in this case under [R.C.] 2929.13(B)(1) because the defendant does have a prior felony conviction for trafficking in crack cocaine, possession of drugs and trafficking in drugs. I find that community control is not mandatory under [R.C.] 2929.13(B)(2) because the defendant has served a prior prison term, six months in the Ohio State Penitentiary for a possession of drugs and trafficking in drugs.
>
> These are the third and fourth convictions for trafficking in drugs[1] for the defendant, so I do find that consecutive sentences are necessary to protect the public from future crime and to punish the offender.
>
> The consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public, and I find that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

---

[1] Cameron also had a prior conviction for possession of drugs.

{¶ 12}   From his conviction and sentence, Cameron appeals.

### III.   The Trial Court Did Not Abuse its Discretion in Imposing Sentence

{¶ 13}   Cameron's First Assignment of Error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED MR. CAMERON TO THE MAXIMUM ON TWO OF THE THREE COUNTS AND ORDERED THAT THEY BE SERVED CONSECUTIVELY WHEN THERE WAS INSUFFICIENT EVIDENCE THAT HE WAS A DANGER TO SOCIETY AND WITHOUT TAKING INTO CONSIDERATION HIS ABILITY TO BE REHABILITATED.

{¶ 14}   As Cameron acknowledges, a trial court is vested with discretion in deciding what sentence to impose.   Because the trial court is able to observe and hear the defendant, it is in a better position than a reviewing court to gauge the sincerity and intensity of the defendant's expressed desire to reform his conduct to conform with criminal statutes, as well as the defendant's ability to do so.   The mere fact that a reviewing court might have reached a different result on a matter confided to the trial court's discretion, without more, is not enough to find error.   *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 67.

{¶ 15}   In support of his argument that the trial court abused its discretion in imposing sentence in this case, Cameron cites *State v. Parker*, 193 Ohio App.3d 506, 2011-Ohio-1418, 952 N.E.2d 1159 (2d Dist.), in which we reversed an aggregate sentence of fifteen years for four Sexual Battery offenses, as constituting an abuse of its discretion.   We find *Parker* distinguishable.

{¶ 16} The defendant's offenses in *Parker*, while obviously serious, were somewhat less serious than typical sexual battery offenses. All of the offenses involved consensual sexual activity with the same victim, a sixteen-year-old whose will was not overcome or overborne by force, or the use of drugs or alcohol. *Id*. at ¶ 60. Indeed, the defendant's conduct would not otherwise have been criminal but for the fact that he was a teacher at the same school at which the defendant was a victim. We also noted that the defendant in *Parker* had no prior criminal history, and "had always led a law-abiding life, earning awards as an outstanding teacher." *Id.* at ¶ 61.

{¶ 17} Furthermore, the trial court in *Parker* expressed as a significant part of its reason for imposing the fifteen-year sentence that it would "eliminate any hope this victim had that she might wait for [the defendant] while he served his sentence and after his release have a future with him." *Id*. at ¶ 62. We concluded that this was not a proper reason, because the defendant had already surrendered his teaching license, and any future relationship he might have with the victim in his case would not be illegal. *Id*.

{¶ 18} None of these circumstances find parallels in the case before us. There is no reason to believe that the offenses to which Cameron pled guilty were less serious than the typical offenses of that kind, Cameron did not have a crime-free past – indeed, one of the offenses for which he was sentenced in this case was committed almost two years after the other offenses for which he was sentenced, and the trial court did not express an improper reason for the sentence it imposed in this case.

{¶ 19} *State v. Gatewood*, 2d Dist. Clark No. 2010CA18, 2012-Ohio-202 (*Gatewood II*), is another case Cameron cites for the proposition that the trial court abused its discretion by imposing the sentence it did in the case before us. In that case, the defendant was originally

sentenced to an aggregate sentence of twelve years in prison for three felony convictions, with firearm specifications that were merged into a single firearm specification. *Id.* at ¶ 7. We reversed that conviction for reasons unrelated to the sentence, and remanded the cause for a new trial. *State v. Gatewood*, 2d Dist. Clark No. 2008CA64, 2009-Ohio-5610 (*Gatewood I*). On remand, the State re-indicted the defendant on two felony counts that it had previously dismissed. *Gatewood II*, at ¶ 10. After the defendant had been convicted on all counts, the trial court imposed an aggregate sentence of 22½ years, almost double the sentence imposed before the reversal and remand following the first appeal. *Id.* at ¶ 10.

{¶ 20} In *Gatewood II*, we concluded from the record in that case that the trial court had "penalized [the defendant] for not 'taking responsibility and pleading guilty,' " i.e., for standing on his rights. *Id*. at ¶ 75-76. We also concluded that the trial court erred when it opined that the defendant in that case may have been guilty of another offense, with which he was not charged. *Id*. None of the circumstances in *Gatewood II* we cited as justifying reversal of the sentence in that case are present in the case before us.

{¶ 21} Cameron concludes his argument in support of this assignment of error by referring to his desire, expressed at the sentencing hearing, to continue treatment at McKinley Hall and to be around for his child that his girlfriend was expecting. Again, the trial court was present to gauge Cameron's sincerity and the likelihood that he would succeed in rehabilitating himself without the prison term the trial court imposed. Cameron also stressed that he had been continuously employed. The trial court was permitted to find that the fact that Cameron was employed did not immunize him from the imposition of a prison sentence for his offenses.

{¶ 22} We conclude that the trial court did not abuse its discretion in imposing the

prison sentence it imposed in this case. Cameron's First Assignment of Error is overruled.

## IV.  The Trial Court Erred when it Failed to Notify
## Cameron of the Possibility of Post-Release Control

{¶ 23}  Cameron's Second Assignment of Error is as follows:

THE SENTENCE SHOULD BE VOIDED BECAUSE THE TRIAL COURT FAILED TO INFORM MR. CAMERON THAT HE WOULD BE SENTENCED TO AN OPTIONAL THREE YEARS OF POST-RELEASE CONTROL DURING THE SENTENCING HEARING.

{¶ 24}  Cameron was subject to a possible period of post-release control of up to three years, in the determination of the parole board. R.C. 2967.28(C). In the sentencing entries in both cases, the trial court ordered Cameron "to serve as part of this sentence any term of PRC imposed upon him by the Adult Parole Authority."

{¶ 25}  The trial court also noted, in both sentencing entries, that it notified Cameron, at the time of his guilty plea, that post-release control was optional in each case, respectively, for three years. The record reflects that the trial court did so advise Cameron at the plea hearing.

{¶ 26}  However, as Cameron argues, and as the State concedes, the trial court did not notify Cameron at his sentencing hearing that the parole board could impose up to three years of post-release control.

{¶ 27}  Cameron concludes his argument in support of this assignment of error by requesting us "to reverse the sentence and remand the matter for a new sentencing hearing to inform Mr. Cameron of the optional post-release control provisions of his sentence." Other

language in Cameron's brief suggests that he may be arguing, in connection with this assignment of error, that his sentence is completely void, and he is entitled to be re-sentenced, de novo. If that is the remedy he is seeking, *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, which he cites, does not support it. In *Fischer*, the Supreme Court of Ohio held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence

is void and must be set aside." *Id.* at ¶ 26 (Emphasis sic).

{¶ 28} Here, the trial court did include post-release control in its sentencing entry; it failed to refer to post-release control at the sentencing hearing. The proper remedy in such a case is to reverse that part of the judgment entry imposing post-release control, and to remand the cause for the proper imposition of post-release control, following notification of the possibility of post-release control at the sentencing hearing. *State v. Blessing*, 2d Dist. Clark No. 2011CA56, 2013-Ohio-392, ¶ 41.

{¶ 29} Cameron's Second Assignment of Error is sustained.

## V. Conclusion

{¶ 30} Cameron's First Assignment of Error having been overruled, and his Second Assignment of Error having been sustained, that part of the judgment of the trial court imposing post-release control is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for the imposition of post-release control after a re-sentencing hearing at which Cameron shall be notified of the possibility of post-release control.

.                                     . . . . . . . . . . . . .

[Cite as *State v. Cameron*, 2013-Ohio-4397.]
DONOVAN and FROELICH, JJ., concur.


Copies mailed to:

Lisa M. Fannin
Shawn P. Hooks
Hon. Douglas M. Rastatter