[Cite as *State v. Alexander*, 2017-Ohio-7261.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27341 |
| | : | |
| v. | : | T.C. NO. 07-CR-508 |
| | : | |
| ROBERT ALEXANDER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____18th____ day of _____August_____, 2017.

. . . . . . . . . .

MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ROBERT ALEXANDER, #556-568, London Correctional Institute, P. O. Box 69, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} On July 11, 2007, Defendant-Appellant, Robert W. Alexander was convicted of one count of aggravated murder with a firearm specification, along with two counts of aggravated robbery, also with firearm specifications. *State v. Alexander*, 2d Dist. Montgomery No. 22278, 2008-Ohio-4131, ¶ 1. In an appeal filed on November 10, 2016, Alexander argues that, at the sentencing hearing, the trial court failed to notify him of

mandatory post-release control pursuant to R.C. 2967.28(B).

{¶ 2} The State has filed a notice of conceded error, pursuant to Loc.R. 2.24 of this court. We agree with the State that the trial court erred in failing to notify Alexander at the sentencing hearing concerning mandatory post-release control. Accordingly, the judgment of the trial court will be reversed and the case will be remanded for further proceedings.

{¶ 3} In March 2007, Alexander was indicted for one count of aggravated murder with a firearm specification, and two counts of aggravated robbery with firearm specifications. After a trial ending on June 28, 2007, the jury found Alexander guilty on all counts.

{¶ 4} At the sentencing hearing on July 11, 2007, the trial court imposed a sentence of life in prison with parole eligibility after 25 years for aggravated murder, along with a three year sentence for the firearm specification. On the two counts for aggravated robbery, the trial court imposed concurrent seven year sentences to be served consecutively with the sentence for aggravated murder.

{¶ 5} At the sentencing hearing, the trial court informed Alexander of his right to appeal, but did not inform him of the five year mandatory period of post-release control following the defendant's release from prison.

{¶ 6} In the Termination Entry filed on July 16, 2007, the trial court included language notifying the defendant of the five year post-release control period following his release from imprisonment. On August 25, 2016, Alexander filed a re-sentencing motion, claiming the trial court failed to impose post-release control pursuant to R.C. 2967.28(B). On October 13, 2016, the trial court overruled Alexander's motion for resentencing,

holding that his grounds for a new hearing were barred by res judicata.

{¶ 7} Alexander subsequently filed an appeal of the trial court's decision on November 10, 2016.

{¶ 8} Alexander's sole assignment of error states:

The trial court failed to properly impose post release control pursuant to R.C. 2967.28 by failing to impose any mandatory post release control in the above case, the trial court's imposition does not include any mandatory post release control as required by Ohio Revised Code R.C. 2967.28.

{¶ 9} Post-release control is defined under R.C. 2967.01(N) as "a period of supervision by the adult parole authority after a prisoner's release from imprisonment." Post-release control sanctions include a sanction authorized under R.C. 2929.16, R.C. 2929.17, and R.C. 2929.18.

{¶ 10} Under R.C. 2967.28(B), the failure of a court to notify the defendant at the sentencing hearing of mandatory post-release control or failure to include a notice of post-release control in the judgment entry does not negate or affect the mandatory nature of post-release control.

{¶ 11} Per *State v. Terry*, the trial court is required to notify a defendant at the sentencing hearing about post release control, and incorporate that notification into the entry imposing the sentence. *State v. Terry*, 2d Dist. Darke No. 09CA0005, 2010-Ohio-5391, ¶ 14.

{¶ 12} The Ohio Supreme Court in *State v. Fischer* found that a judge's failure to invoke mandated post-release control results in that part of the sentence becoming void, and is set aside. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

**{¶ 13}** Alexander was not advised of mandatory post-release control at the sentencing hearing as required under *Terry*, but was notified via the Termination Entry filed on July 16, 2007, that specified a five year term of post-release control following his release from imprisonment. In the order overruling the motion for resentencing, the trial court stated that Alexander's argument was barred by res judicata.

**{¶ 14}** This finding is erroneous. The court held in *Fischer*, that "(a) sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.*, paragraph one of the syllabus.

**{¶ 15}** Even though the Termination Entry included the five year term of post-release control, the trial court was still required to inform Alexander at the sentencing hearing of the requirement for post-release control. "Both are necessary in order to authorize the parole board to exercise the authority that R.C. 2967.28 confers on that agency." *Terry* at ¶15.

**{¶ 16}** In responding to the assignment of error, the state has filed a notice of conceded error, pursuant to Loc.R. 2.24 of this court.

**{¶ 17}** Accordingly, Alexander's sole assignment of error is sustained.

**{¶ 18}** Alexander's sole assignment of error having been sustained, the judgment denying Alexander's motion for resentencing is reversed, and this case is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

HALL, P. J. and TUCKER, J., concur.

Copies mailed to:

Michael J. Scarpelli
Robert Alexander
Hon. Michael W. Krumholtz